OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defendant was convicted of stabbing a man to death in a parking lot on West 39th Street, near 9th Avenue, in Manhattan, based upon the testimony of a single eyewitness. At trial, defendant testified that, at the time that the crime was committed, he was 11 blocks away, on West 50th Street, and that, earlier in the evening he had been walking on 8th Avenue, past 39th Street, one-half block from the parking lot, but was never closer than that to the crime scene. The trial court denied defendant’s request for an alibi charge, without explanation.
This was error. As we noted in People v Barbato (254 NY 170, 178-179), "If the proof as to an alibi raises a reasonable doubt in the minds of the jury as to whether the accused was present at the place and time where and when the crime was committed, the accused is entitled to have the defense fairly *821 treated like any other defense and is not obliged to establish that it was impossible for him to commit the act charged. If under the evidence tending, if true, to prove an alibi, it may have been possible for the defendant to have committed the crime, it is still for the jury to determine whether, if the evidence is true, he availed himself of the possibility it afforded * * * If the proof as to an alibi, when taken into consideration with all the other evidence, raises a reasonable doubt as to defendant’s guilt, he is entitled to an acquittal” (emphasis in original) (see also, People v Victor, 62 NY2d 374; People v Allen, 74 AD2d 640). Inasmuch as the gist of the defendant’s testimony was that he was elsewhere, and thus someone else committed the crime, he was entitled to an alibi charge in accordance with these principles.
It was also error to permit a police officer to testify, over objection, that he had arrested the defendant after conferring with the eyewitness. Although such implicit bolstering may not have warranted reversal in and of itself (see, People v Johnson, 57 NY2d 969), the testimony should be excluded upon proper objection at the retrial.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.