■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ARMSTEAD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 21, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the record as a whole, we conclude that the defendant received a fair trial. The direct examination of the arresting officer elicited no improper information. Just as the testimony of a police officer that he conducted an investigation which ultimately focused on the defendant is proper, testi-

mony indicating that the original investigating officer ultimately focused on the defendant as a suspect is similarly proper. Such testimony cannot be equated with police testimony improperly implying that a witness who was not brought to testify did in fact implicate the defendant, as occurred in *People v Melendez* (55 NY2d 445) and *People v Tufano* (69 AD2d 826). The limited participation of the trial court in the cross-examination of a defense witness was done in the interest of facilitating the process of the trial and forestalling any equivocal testimony by the witness and was, therefore, entirely appropriate *(see, People v Yut Wai Tom,* 53 NY2d 44, 55; *People v Moulton,* 43 NY2d 944, 945).

Finally, the contention that the jury charge contained an error was not preserved for appellate review *(see,* CPL 470.05 [2]) and we decline to reach it in the exercise of our interest of justice jurisdiction. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.