■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN POINDEXTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered June 5, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that a detective's testimony that he arrested the defendant based on his interviews with the People's key witnesses improperly bolstered the testimony of those witnesses (see, People v Trowbridge, 305 NY 471; People v Holt, 67 NY2d 819). However, no objection to the detective's testimony was made. Therefore, the issue is not preserved for appellate review (see, People v Nuccie, 57 NY2d 818; CPL 470.05 [2]). In any event, the claim is without merit. Nowhere in the detective's testimony is there a statement that any of the witnesses identified the defendant as the killer. Furthermore, in light of the overwhelming evidence of the defendant's guilt, any error was harmless (see, People v Crimmins, 36 NY2d 230; People v Johnson, 57 NY2d 969).

The defendant also argues that the prosecutor's reference in his summation, which was made the day after Mother's Day, to the loss suffered by the victim's children was an improper appeal to the jurors' emotions. While we agree that the prosecutor's remark departed from acceptable professional conduct (see, People v Rodriguez, 135 AD2d 586; People v Baldo, 107 AD2d 751), it did not deny the defendant a fair trial in light of the overwhelming evidence of his guilt (see, People v Barry, 125 AD2d 581, lv denied 69 NY2d 947). In any event, the court promptly admonished the jury not to let their sympathies enter into their deliberations.

Finally, we find no basis in the record to support the defendant's contentions that the trial court abused its discretion by imposing the maximum sentence or that this court should reduce the sentence in the interests of justice (see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.