THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GIBSON, Also Known as DIANE GIBSON, Appellant.—

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the convictions. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The People effectively discredited the weak psychiatric testimony introduced at the trial by the defendant to the effect that the defendant intended only to achieve his own demise and the defendant's expert admitted that ascertaining what was in the mind of an individual on a given date almost one year prior to the expert's own review of the psychiatric history of the individual was an inexact science *(see, People v Lancaster,* 65 AD2d 761). The requisite intent necessary to sustain the convictions was properly inferred by the trial court in its fact-finding capacity based upon the defendant's actions and the surrounding circumstances *(see, People v Bracey,* 41 NY2d 296, 301, *rearg denied* 41 NY2d 1010, *affd on remand* 58 AD2d 839).

With regard to the proof of serious physical injury necessary to sustain the conviction for assault in the first degree, the testimony of the victim and the physician established that the knife wound to the victim's arm resulted in a five-day hospital stay, that the victim missed work for 30 days, underwent physical therapy for 9 or 10 months and remained on light duty for one year due to his inability to fully use his hand. This evidence was sufficient to support a finding of protracted impairment of health pursuant to the definition of "serious physical injury" under Penal Law § 10.00 (10) *(see,* Penal Law § 10.00 [10]; *see also, People v Gray,* 47 AD2d 674, 675).

The victim's hospital records were properly introduced (pursuant to a stipulation entered into between counsel) to prove the care, treatment, and diagnosis of the victim and there is no indication in the trial record that the verdict was based on anything but competent evidence *(see,* CPLR 4518 [c]; *see also, People v McKinley,* 124 AD2d 752, 753, *lv denied* 70 NY2d 958).

Police Officer Loizzo's testimony regarding statements made to him by the defendant was within the scope of proper rebuttal, was used solely to impeach the defendant's expert witness and was introduced after a proper foundation was laid. Notice of intent to use such testimony was not required in these circumstances *(see, People v Rudolph,* 134 AD2d 539).

The People sustained their burden of proving the defen-

dant's previous violent felony conviction beyond a reasonable doubt and the defendant was properly adjudicated a second violent felony offender *(see,* CPL 400.21 [7] [a]). A consideration of the relevant circumstances and the record affirmatively discloses that the defendant's 1981 plea was knowingly and voluntarily entered *(see, People v Harris,* 61 NY2d 9, 16, 19, *affd on remand sub nom. People v Alicea,* 99 AD2d 815; *People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Sargent,* 100 AD2d 978).

Finally, we decline to reduce the sentence in the interest of justice. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.