■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD HARDY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered March 11, 1987, convicting him of rape in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the record as a whole we conclude that the defendant received a fair trial. The testimony of the arresting officer on direct examination that the area in which the defendant was arrested was under surveillance by the police was not improper. Rather this testimony was merely background information which was not prejudicial (see, People v Armstead, 134 AD2d 601; cf., People v Green, 35 NY2d 437). Furthermore, we find that despite the court's statement to the jury that the lineup occurred shortly after the incidents, the identification charge was an accurate statement of the law and called attention to the key factors of witness reliability and the possibility of mistake (see, People v Whalen, 59 NY2d 273; cf., People v Daniels, 88 AD2d 392). Thompson, J. P., Kunzeman, Eiber and Balletta, JJ., concur.