OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We agree with the Appellate Division that it was error for the trial court to refuse counsel’s request that it instruct ’the jury on alibi. The alibi testimony of defendant and his sister did not have to establish that it would have been impossible for the defendant to have committed the crime and need not have covered the whole time of the transaction in question
 
 (see, People v Holt,
 
 67 NY2d 819, 820-821 [quoting
 
 People v Barbato,
 
 254 NY 170, 178-179]). Rather, the evidence simply had to raise a reasonable doubt concerning defendant’s presence in the stairwell of the apartment building, as opposed to his sister’s apartment within that building, when the drugs were allegedly sold
 
 (see, People v Holt, supra,
 
 at 821;
 
 People v Barbato, supra,
 
 at 178-179;
 
 People v Elmore,
 
 277 NY 397, 405-406). Inasmuch as the alibi testimony, when viewed together with all the other evidence, could have created a reasonable doubt, a jury instruction on this defense was warranted and the failure to give it was not harmless error
 
 (see, People v Holt, supra,
 
 at 821;
 
 People v La Chance,
 
 39 NY2d 892;
 
 see also, People v Barbato, supra,
 
 at 178-179).
 

 
 *710
 
 Chief Judge Wacther and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.