■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DANNELL WARREN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered July 2, 1986, convicting him of burglary in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Even when the evidence in the instant case is viewed in the light most favorable to the defendant, no reasonable view of the evidence supports the defense of alibi. Therefore, the trial court properly declined to submit the requested charge on the defense of alibi to the jury for its consideration *(People v Padgett,* 60 NY2d 142; *People v Watts,* 57 NY2d 299; *cf., People v Holt,* 67 NY2d 819).

Although it was error to exclude a tape recording of a telephone call to the emergency 911 number and to permit the prosecutor to bolster the testimony of his witness, those errors were harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230). Thompson, J. P., Rubin and Balletta, JJ., concur.

Lawrence, J., dissents and votes to reverse the judgment, on the law, and to order a new trial, with the following memorandum decision: The defendant was convicted of burglary and related charges stemming from a break-in at the home of the complainant. The complainant testified that after observing the defendant in the bedroom of her home, she screamed and the defendant ran down the stairs and out her front door. At that time the complainant's brother was in the living room of her home. He heard the complainant scream and he then chased the defendant through the streets of the neighborhood. A neighbor who had seen the defendant "trying doors" in the area earlier in the day joined in the chase. After losing sight of the defendant for a few minutes when he apparently attempted to hide underneath a parked car, the witnesses observed the defendant climb out from underneath the car where he was promptly arrested by the police. Jewelry which the complainant identified as that taken from her home was recovered from the ground where the defendant had been lying just prior to his arrest, from the seat of the patrol car in which the defendant was transported to the precinct and from the defendant's pockets.

The defendant testified that he was found in possession of the complainant's jewelry because he had met a friend, who

was of similar appearance and who was also dressed in clothing similar to the clothing he was wearing, on a nearby street at the time of the incident. The friend told the defendant to wait for him on the street and he would get the money he owed him. Instead of money, the friend returned with jewelry which the defendant agreed to hold until the friend could pay back the money.

Defense counsel argued in his summation that the defendant had been misidentified and set forth the defendant's contention that he was standing on a nearby street waiting for his friend at the time the complainant's home was burglarized. Defense counsel's request for an alibi charge was denied by the trial court which found no reasonable view of the evidence to justify the submission of the charge.

Contrary to the trial court's holding, I find that since the gist of the defendant's testimony was that he was elsewhere at the time the crime was committed, and that therefore, someone else committed the crime, he was entitled to an alibi charge (see, People v Holt, 67 NY2d 819; see also, People v Jack, 74 NY2d 708). The trial court's charge on identification and the People's burden of proving every element of the crimes charged beyond a reasonable doubt cannot excuse the failure to provide the alibi charge since the asserted defense theories were misidentification and alibi. In view of the fact that the trial court did not marshal the evidence, or otherwise provide the jury with the contentions of the parties, the failure to provide the requested alibi charge effectively precluded the jury from properly considering the issue (see also, People v Jack, supra; People v Bacon, 84 AD2d 680).

I would further note that the error in failing to provide the alibi charge was exacerbated by other errors committed at trial. First the trial court improperly precluded the defense counsel from establishing a foundation for the admission of a tape of the 911 emergency telephone call. This tape would have revealed to the jury that a police dispatcher had provided the complainant with a full description of the defendant, who was then being detained by the police, minutes before the complainant was asked to identify him at a showup. Second, the trial court incorrectly permitted the prosecutor, over defense counsel's objection, to bolster the neighbor's testimony with his prior consistent statements, which included a recording of his telephone conversation with an emergency 911 operator. Although these errors alone may not have warranted reversal in and of themselves, in my opinion, these errors considered in conjunction with the refusal to provide an

alibi charge, warrant the reversal of the defendant's conviction.