■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN BAILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered November 6, 1987, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the trial court's admission of certain testimony deprived him of a fair trial. Specifically, Police Officer Michael Dempsey of the Queens Robbery Unit testified that he had shown the victim approximately 2,000 photographs from police photograph books which did not contain a picture of the defendant. The victim had previously testified on cross-examination, in response to the defense counsel's question of whether he understood the importance of giving the police an accurate description of the perpetrator of the crime, that he had viewed photographs exhibited by the police. He replied negatively to a further question posed by the defense counsel as to whether he recognized any of the photographed individuals. By failing to move to strike the victim's initial unresponsive answer and compounding the problem by pursuing this line of questioning, the defense counsel opened the door for the prosecutor to elicit testimony to clarify and explain that issue *(see, People v Bolden,* 58 NY2d 741; *see also, People v Almonte,* 135 AD2d 824; *People v Smith,* 133 AD2d 863). The defendant's reliance upon *People v Zanfordino* (78 AD2d 558) and *People v Rothaar* (75 AD2d 652) is misplaced. In both of those cases the so-called negative identification testimony was elicited in the first instance on the People's direct case.

The defendant further charges that the trial court erred in permitting the testimony of Police Officer William Crescenzo that he arrested the defendant following a conversation with the victim and that the victim had pointed out the defendant to the police. Although this testimony may be construed as implicit or inferential bolstering in violation of the rule of *People v Holt* (67 NY2d 819; *cf., People v Trowbridge,* 305 NY 471), in the context of this case, in which the conviction stands

upon the clear and strong identification testimony of the victim and another witness, the error was harmless *(see, People v Johnson,* 57 NY2d 969; *see also, People v Holt,* 67 NY2d 819, *supra).* ˙

Lastly, the defendant contends he was deprived of a fair trial as a result of improper remarks made by the prosecutor in her summation. However, for the most part, the defense counsel failed to object to the purportedly improper remarks. Therefore, any issue of law with respect to the alleged errors has not been preserved for appellate review (CPL 470.05 [2]; *People v Dordal,* 55 NY2d 954, 956), and we decline to review these alleged errors in the interest of justice. Where an objection was interposed, prompt curative instructions were issued and the trial court cautioned the prosecutor to refrain from further improper comment. The defense counsel did not request any further curative instructions or move for a mistrial. Thus, any issue of law with respect to this alleged error was also not preserved for appellate review *(see, People v Medina,* 53 NY2d 951). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.