Kaye, J.
(dissenting). I respectfully dissent. The "charge as a whole” referred to by the majority was no more than the boilerplate charge given in all cases concerning the People’s burden of proof. If such a standard charge constitutes adequate instruction on the legal principles applicable to an alibi defense, then there is no need for a jury instruction on alibi in any case, a result impossible to reconcile with our recent decisions in People v Jack (74 NY2d 708) and People v Holt (67 NY2d 819). People v Holt, in particular, cannot be distinguished from this case. In Holt the defendant testified that he was within a half block of the crime scene. The People argued that this was a misidentification defense, and that the court’s general charge sufficiently protected defendant. We rejected that claim there, and I see no reason why the same result should not obtain here.
*777 The majority cites no case, nor have I found any, holding that the failure to deliver a properly requested alibi charge did not require reversal, on the theory that it was unnecessary because of the charge as a whole. The proposition that the absence of an alibi instruction is reversible error only when the court or counsel may have overtly misled the jury concerning the allocation of the burden of proof — a sort of "curative instruction” theory of the alibi charge — is both novel and confusing. It is not to be derived from our opinion in People v Victor (62 NY2d 374), the only cited authority. To the contrary, as we explained in Victor, an alibi instruction is required to "ensure that the jury understands that the People must always meet their burden of proving that the accused actually committed the crime * * * Thus, the People have the burden of disproving an alibi beyond a reasonable doubt, and a Judge must unequivocally state that burden in the jury charge” (id., at 377-378).
It may be unpalatable to reverse defendant’s conviction in a case where the defense appears improbable on the appellate record (we note that the jury did not so readily dismiss defendant’s explanation, and asked to have his testimony read back in its entirety). However, a reversal is preferable to distorting what has up to now been our clear and consistent position concerning failure to deliver proper alibi instructions.
Chief Judge Wachtler and Judges Titone, Hancock, Jr., and Bellacosa concur; Judge Kaye dissents and votes to reverse in an opinion in which Judges Simons and Alexander concur.
Order affirmed in a memorandum.