■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DAVILA, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered May 1, 1987, convicting defendant, after a jury trial, of one count of robbery in the first degree, one count of robbery in the second degree, and one count of robbery in the third degree, and sentencing defendant to concurrent terms of imprisonment of 6 to 18 years, respectively, on the first two counts, to run consecutively to a term of imprisonment of 2 to 6 years on the third count, unanimously affirmed.

The evidence at trial demonstrated that during the evening hours of January 6, 1986, defendant, who was armed with a gun and aided by an accomplice, stole a coat from another youth. Defendant was know to the victim from both school and the neighborhood. While defendant was released on bail, he was arrested for a chain and purse snatching from yet another victim on June 2, 1986.

Defendant, who was tried on consolidated indictments, contends that the trial court erroneously denied his request for an alibi charge. Defendant's witness testified that defendant was at a party until approximately 9:00 P.M. on January 6, 1986, while the first crime was alleged to have taken place sometime between 8:30 and 9:30 P.M. Legally sufficient evidence was introduced to warrant the requested charge. *(See, People v Jack,* 74 NY2d 708.) Nevertheless, in view of the strong evidence of identification surrounding the January 1986 incident, the court's refusal to give such an instruction does not require reversal, since the charge as a whole adequately explained the requisite burden of proof. *(See, People v Warren,* 76 NY2d 773.)

As to the testimony that the codefendant (who had in fact entered a plea of guilty) was home until 10:00 P.M. on the same night, we agree it was offered in palpable bad faith and properly excluded. *(See, People v Arroyo,* 162 AD2d 337, *lv granted* 76 NY2d 847 [Ross, J.].)

We have considered the remaining arguments, including those raised in defendant's *pro se* supplemental brief, and find them to be without merit. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.