■ In the Matter of PATRICK W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated August 18, 1988, which, upon a fact-finding order of the same court, dated June 13, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 14 months. The appeal brings up for review the fact-finding order dated June 13, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On February 8, 1988, at about 12:15 P.M., the appellant and the complainant were attending a class at Erasmus Hall High School in Brooklyn. The teacher had divided the class into groups. The appellant and the complainant were assigned to the same group. At some point the appellant and the complainant started arguing over their classroom assignment.

The appellant testified that after he and the complainant started to argue he hit her in response to her hitting him. However, the appellant's own witness testified that although

the complainant made a stabbing motion with her pen towards the appellant, the pen did not touch him. The teacher testified that she did not see the complainant strike the appellant and the complainant herself denied doing so.

We find that the evidence was of sufficient quantity and quality to establish that the appellant intended to cause serious physical injury to the complainant, by his infliction of a closed-fisted punch to her face during their classroom argument (see, People v Bracey, 41 NY2d 296, 301; People v Gibson, 140 AD2d 453). Moreover, there was sufficient evidence to permit the court to conclude that the complainant, who as a result of the appellant's punch permanently lost one tooth and underwent an operation to replace two other teeth and to repair her gums, suffered serious physical injury within the meaning of Penal Law § 10.00 (10) (see, People v Howard, 79 AD2d 1064).

Finally, the account given by the complainant and the teacher, and obviously believed by the court, was sufficient to disprove the defense of justification. The court could properly have found that the appellant could not have reasonably believed that the complainant was about to use physical force against him such that he was compelled to resort to use of physical force to avert the perceived threat (see, People v Goetz, 68 NY2d 96). Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.