■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BIRMINGHAM, Also Known as MARK GILLIAM, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Queens County (Sherman, J.), rendered November 30, 1987, convicting him of robbery in the first degree (three counts), robbery in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the conviction of robbery in the first degree as charged in the first count of the indictment to robbery in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on that count.

The defendant's contention that a police witness made improper reference to a photographic identification of the defendant is unpreserved for appellate review. In any event, the police witness simply testified that after he spoke to witnesses he continued to conduct his investigation and that he took information and "came up with the identification of a suspect * * * Harold Birmingham". There was no implication that witnesses had looked at photographs in identifying the defendant (cf., People v Hines, 112 AD2d 316). Moreover, there was no statement in the police officer's testimony that the witnesses had identified the defendant as the perpetrator of the robbery (see, People v Poindexter, 138 AD2d 418). There was nothing improper in the officer's testimony that he conducted an investigation which ultimately focused on the defendant (see, People v Armstead, 134 AD2d 601).

Similarly unpreserved for appellate review is the defendant's contention that the evidence was insufficient to support a finding that the complainant suffered "serious physical injury" (Penal Law § 10.00 [10]; see, People v Bynum, 70 NY2d 858; People v Bailey, 146 AD2d 788). We find, however, in the exercise of our interest of justice jurisdiction, that his conviction on the first count of the indictment of robbery in the first degree predicated upon causing serious physical injury should be reduced to robbery in the second degree. There was no evidence that the injury to the complaining witness's head, which required 16 stitches, was life threatening or caused a protracted or serious disfigurement or impairment (cf., People v Gibson, 140 AD2d 453). However, the defendant concedes and the record supports a finding that the complaining witness suffered "physical injury" (Penal Law § 10.00 [9]; see, People v Lundquist, 151 AD2d 505). Therefore the conviction on this count may be properly reduced to robbery in the second degree.

The defendant's remaining contentions, including those found in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.