■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY POLIDORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 16, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complaining witness was robbed at gunpoint on April 5, 1989, at approximately 4:00 P.M. Shortly after the robbery, the complaining witness informed two police officers of what had happened. While canvassing the area with these officers, the witness spotted the robber, who was standing with a girl in front of 1630 Pacific Avenue. The officers chased the alleged robber into this building while the witness remained in the officers' car. The alleged robber managed to elude the police and was not arrested until almost three weeks later.

One of the two police officers testified at trial that after having entered 1630 Pacific Street, and after having spoken to one of its occupants, he proceeded to apartment 2A. This officer also testified that he later spoke to the complaining witness again and that she identified the girl with whom the alleged robber had been seen. This officer also testified that after speaking to the girl with whom the defendant had been seen, he returned to apartment 2A. A search of this apartment was fruitless.

The second police officer testified that he continued the investigation on April 17 and on April 25. He testified that the suspect for whom he was searching was named Harry Polidore. The trial court advised the jury that this testimony was not to be considered as evidence that Harry Polidore (i.e. the defendant) was the robber, but merely as proof that Harry Polidore was being sought by the police. This officer testified that the defendant was arrested on April 25, 1989, 20 days after the robbery.

At trial, the complaining witness identified the defendant as

the perpetrator of the robbery. The defendant was convicted of robbery in the first degree and now appeals.

On appeal, the defendant argues that the testimony given by the two police officers described above implicitly bolstered the in-court identification made by the complaining witness (citing *People v Holt,* 67 NY2d 819, 821; *People v Trowbridge,* 305 NY 471). He argues that the jury might have inferred that the two uncalled witnesses (the occupant of 1630 Pacific St. and the girl who had been seen with the defendant) who had directed the police to apartment 2A had done so because they knew that the defendant was the perpetrator. The defendant also complains that the jury would have inferred that certain uncalled witnesses had named Harry Polidore as the perpetrator. He argues that this not only constituted *Trowbridge* error *(People v Trowbridge, supra),* but that it also deprived him of his constitutional right to confront the witnesses against him (US Const 6th, 14th Amends; NY Const, art I, § 6; *see generally, Davis v Alaska,* 415 US 308; *California v Green,* 399 US 149).

This argument, which we need consider only to the limited extent that it has been properly preserved for appellate review as a question of law (CPL 470.05 [2]; *see, e.g., People v Alston,* 163 AD2d 398) does not furnish a basis for reversal. First of all, the rule of law to be derived from *People v Holt (supra)* is inapplicable. In *Holt* the Court of Appeals held that it was error for the trial court to permit a police officer to testify that after having spoken to an *eyewitness,* he (the officer) arrested the defendant. This sort of testimony was viewed as an implicit bolstering of the same eyewitness' in-court identification testimony, in violation of the rule of *People v Trowbridge (supra) (see also, People v Johnson,* 57 NY2d 969; *People v Veal,* 158 AD2d 633; *People v Bailey,* 155 AD2d 467; *People v Hart,* 140 AD2d 711; *People v Perez,* 127 AD2d 707; *People v Vasquez,* 120 AD2d 757).

The present case is distinguishable, most obviously, in that there was no bolstering of the complaining witness's in-court identification by either implicit or explicit reference to any out-of-court identification made by her, or for that matter, by anyone else. In the present case, there is no evidence that either of the two civilians who led the police to apartment 2A did so after having actually identified the defendant as the robber. It is not demonstrated, in other words, that either one of these civilians was, in fact, a witness to the crime.

Thus, unlike the testimony held to be improper in *People v*

*Holt* (67 NY2d 819, *supra),* the police testimony in the present case was not likely to lead the jury to believe that the police were induced to take certain actions as the result of an out-of-court identification made by one or more actual eyewitnesses to the crime. "Nowhere in the [first officer's] testimony is there a statement that any of the witnesses identified the defendant as the [robber]" *(People v Poindexter,* 138 AD2d 418, 419). Also, the testimony of the second officer to the effect that his investigation eventually focused on Harry Polidore "cannot be equated with police testimony improperly implying that a witness who was not brought to testify did in fact implicate the defendant, as occurred in *People v Melendez* (55 NY2d 445) and *People v Tufano* (69 AD2d 826)" *(People v Armstead,* 134 AD2d 601, 602; *see also, People v Birmingham,* 168 AD2d 503; *cf., People v Brown,* 129 AD2d 450; *People v Cummings,* 109 AD2d 748, 749-750).

The defendant's argument, to the extent it is based on the Confrontation Clause of the State or Federal Constitutions, is also meritless. This is the case for the simple reason that the police did not testify to the actual content of any of the statements supposedly made to them by uncalled witnesses, including the two civilians above mentioned, and therefore, no out-of-court statement made by a hearsay declarant was admitted into evidence. Under these circumstances, we perceive no violation of the Confrontation Clause *(cf., People v Ayala,* 75 NY2d 422; *People v Brensic,* 70 NY2d 9; *Cruz v New York,* 481 US 186).

We have examined the defendant's remaining contentions to the extent that they are preserved for appellate review and find them to be without merit. Further review in the interest of justice is not warranted. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.