■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIE TOMALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered June 23, 1989, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested at John F. Kennedy International Airport on his way back from Colombia after a search by a suspicious customs agent revealed cocaine secreted in the heels of his shoes. The defendant claimed that the shoes were a gift from some people he had met while in Colombia and that he was unaware that they contained cocaine. On appeal, the defendant argues that the trial court erred in charging the jury on the presumption of innocence when it stated that "the accused is presumed to be innocent and that presumption remains with the defendant throughout the trial *until* guilt is proved beyond a reasonable doubt" (emphasis supplied). The defendant asserts that the jury charge implied that the finding of guilt was inevitable, thereby depriving him of a fair trial. We disagree.

We note that the issue of an erroneous charge has not been preserved for review *(see,* CPL 470.05 [2]; *People v McCright,* 107 AD2d 766). In any event, any error in this regard was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant also argues that he was denied the effective assistance of counsel premised on his counsel's failure to cross-examine the People's witnesses and counsel's alleged failure to adequately sum up *(see, People v Baldi,* 54 NY2d 137). However, a review of the record reveals that the failure to cross-examine the People's witnesses was a strategic decision to focus the trial on the testimony of the defendant and his alleged lack of knowledge as to the presence of the cocaine. Furthermore, contrary to the defendant's assertion, the defense counsel's summation adequately marshaled the relevant

evidence and related it to the defense's theory that the defendant lacked knowledge of the cocaine. In sum, viewing the representation by counsel in its totality *(see, People v Daley,* 172 AD2d 619, 621), we find that the defendant was not deprived of the effective assistance of counsel. Harwood, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.