■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH STANLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.),

rendered June 12, 1989, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, charged with intentional murder and possession of a loaded weapon in connection with a street shooting following an argument, was ultimately convicted, *inter alia,* of manslaughter in the first degree based primarily upon the testimony of two eyewitnesses, whose testimony the defendant claims is unreliable.

The defendant's contention that the evidence adduced by the People was legally insufficient to establish that it was he who fired the fatal shot is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, both that it was the defendant who fired the fatal shot and that the defendant intended to kill the victim. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant claims that the trial court committed reversible error when it permitted the prosecutor to elicit testimony which bolstered the evidence identifying the defendant as the perpetrator *(see, People v Trowbridge,* 305 NY 471). Although the court attempted to cure one such error, no sooner had the court rendered its instruction than the prosecutor proceeded to repeat the error by again eliciting testimony from a detective which indicated that, following the lineup viewings, the defendant was arrested. The import of this testimony is clear —the defendant was arrested as a result of the witnesses' identification of him as the perpetrator. This testimony constituted improper, inferential bolstering of the identification testimony, in violation of the *Trowbridge* rule *(see, People v Holt,* 67 NY2d 819, 821; *People v Faison,* 126 AD2d 739). However, the People had introduced the testimony of two eyewitnesses, each of whom not only had an ample opportunity to view the defendant both prior to and at the time of the shooting but who had previously seen the defendant in the vicinity, on repeated occasions, standing on the street in front of a particular club. In the face of this "clear and strong" *(People v Mobley,* 56 NY2d 584, 585; *see also, People v John-*

*son,* 57 NY2d 969, 970) evidence of identification we find that the People's impermissible bolstering of the identification testimony was harmless.

The defendant further maintains that his conviction for manslaughter in the first degree should be reversed because the court erred in denying his request that the lesser-included charges of manslaughter in the second degree and criminally negligent homicide be submitted to the jury. We disagree. It was not error for the court to decline to submit these charges to the jury, as there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser-included offenses of manslaughter in the second degree or criminally negligent homicide but did not commit the greater offense of manslaughter in the first degree *(see,* CPL 300.50 [1]; *cf., People v Green,* 56 NY2d 427, 434-435).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.