■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CURTIS WILLIAMS, Appellant. [598 NYS2d 298] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 3, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In this single eyewitness identification case, the complainant identified the defendant at a lineup and at trial as the person who robbed him at gunpoint. During the People's direct case, a detective who conducted the lineup gave testimony, during which he repeatedly referred to the defendant as the "subject" in the lineup and the other participants, all residents of a local men's shelter, as "fillers". In summation, the prosecutor also characterized the defendant as the "subject" of the lineup. The defendant now argues that such characterization constitutes both *Trowbridge* error and a violation of his confrontation clause rights, in that the jury was allowed to speculate that the defendant was previously identified. The defendant also argues that the complainant's testimony that while he did not call the police, they arrived with "information", and the prosecutor's remarks that the lineup was a "test" or an "experiment" further alerted the jury to the possibility that either the complainant or someone else had previously identified the defendant as the perpetrator before his arrest.

The defendant has failed to preserve his arguments for appellate review, as he did not make timely objections during the trial *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818, 819; *People v Anthony,* 179 AD2d 765; *People v Sweeney,* 161 AD2d 613). In any event, the defendant's arguments are without merit. The detective's testimony at trial that during the lineup the defendant was the "suspect" and the other participants at trial were "fillers" did not constitute *Trowbridge* error *(see, People v Mobley,* 56 NY2d 584; *People v Reyes,* 119 AD2d 596), or inferential bolstering *(see, People v Stanley,* 185 AD2d 827; *People v Ryan,* 166 AD2d 619). Where the police officer merely testifies that the defendant was a "suspect", "[s]uch testimony cannot be equated with police testimony improperly implying that a witness who was not brought to testify did in fact implicate the defendant" *(People v Armstead,* 134 AD2d 601, 602).

The defendant's contention that his right to confrontation was violated because it could be inferred from the detective's and the complainant's testimony that other eyewitnesses iden-

tified the defendant is equally without merit. No hearsay statements of nontestifying individuals were introduced at trial *(see, People v Polidore,* 181 AD2d 835).

The defendant's other contentions do not warrant reversal. Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.