■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DOOLITTLE, Appellant. [641 NYS2d 556] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered March 15, 1994, convicting him of attempted murder in the second degree, robbery in the first degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility, as well as the weight to be accorded to the evidence are primarily for the jury which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination to credit the testimony of the complaining witness and to discredit the defendant's alibi defense is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see, People v Bryan,* 179 AD2d 667; *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Since Police Officer Samuel Horn did not testify about the complaining witness's identification of the defendant and, instead, only testified that he arrested the defendant after conducting an investigation, the defendant's claim of bolstering is without merit (*see, People v Polidore,* 181 AD2d 835, 837; *People v Poindexter,* 138 AD2d 418, 419).

Contrary to the defendant's claim, the defense counsel's decision not to cross-examine the People's witnesses was apparently strategically designed to underplay the identification testimony and to highlight the testimony by the defense alibi witnesses (*see, e.g., People v Tomala,* 182 AD2d 848, 849). A review of the entire record reveals that the defendant's attorney provided meaningful and effective representation (*see, People v Flores,* 84 NY2d 184, 187; *People v Benn,* 68 NY2d 941, 942; *People v Satterfield,* 66 NY2d 796, 798-800; *People v Baldi,* 54 NY2d 137, 146). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.