■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GRIFFIN, Appellant. [668 NYS2d 395] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Cooperman, J.), both rendered March 30, 1995, convicting him of robbery in the first degree under Indictment No. 2036/94, upon a jury verdict, and criminal possession of stolen property in the third degree and criminal possession of a weapon in the third degree under Indictment No. 2004/94, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention regarding the trial under Indict-

ment No. 2036/94 that the police detective's testimony improperly bolstered the identification evidence is unpreserved for appellate review, since he failed to object to both instances of the allegedly improper testimony (*see*, CPL 470.05 [2]; *People v Williams*, 193 AD2d 826). In any event, his argument is without merit. The detective testified about a lineup the complainant viewed. He further testified that he obtained pedigree information from the defendant after the defendant was arrested. Such testimony did not constitute improper bolstering since the detective never indicated that the defendant was arrested as a result of the lineup (*see, People v Stanley*, 185 AD2d 827). Moreover, the detective's testimony that the defendant was a suspect was permissible since "[s]uch testimony cannot be equated with police testimony improperly implying that a witness who was not brought to testify did in fact implicate the defendant" (*People v Armstead*, 134 AD2d 601, 602; *see, People v Williams*, 193 AD2d 826; *People v Polidore*, 181 AD2d 835; *People v Birmingham*, 168 AD2d 503).

The defendant's plea allocution under Indictment No. 2004/94 demonstrated a voluntary and intelligent waiver of his right to challenge on appeal any issues concerning the negotiated sentence, including whether the court properly determined that the terms of imprisonment imposed under Indictment No. 2004/94 would run consecutively to each other and consecutively to the term of imprisonment imposed under Indictment No. 2036/94 (*see, People v Allen*, 82 NY2d 761).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.