■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN T. JACQUE, Appellant. [768 NYS2d 870]—

Appeal from a judgment of Supreme Court, Monroe County (Affronti, J.), entered March 19, 2002, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]), defendant contends that the prosecutor engaged in misconduct by eliciting bolstering testimony from a police officer. Defendant made only two generalized objections to the allegedly improper questioning, one of which was sustained. The remaining objection was not sufficiently specific to preserve defendant's present contention for our review (*see People v West,* 56 NY2d 662, 663 [1982]; *see also People v Nuccie,* 57 NY2d 818, 819 [1982]). In any event, defendant's contention lacks merit. "Where the police officer merely testifies that the defendant was a 'suspect', '[s]uch testimony cannot be equated with police testimony improperly implying that a witness who was not brought to testify did in fact implicate the defendant' " (*People v Williams,* 193 AD2d 826, 827 [1993], *lv denied* 82 NY2d 905 [1993]; *see People v Brown,* 262 AD2d 570, 575 [1999], *affd* 95 NY2d 776 [2000]; *People v Griffin,* 246 AD2d 668, 669 [1998], *lv denied* 91 NY2d 973 [1998]; *People v Polidore,* 181 AD2d 835, 837 [1992], *lv denied* 80 NY2d 836 [1992]). Contrary to defendant's contention, the prosecutor's questioning did not elicit bolstering testimony from the police officer, and thus defendant has failed to show "how the prosecutor's use of allegedly . . . bolstering questions constituted prosecutorial misconduct or substantially prejudiced him" (*People v Parker,* 305 AD2d 858, 859 [2003]). Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.