■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TUREMAIL MCCULLOUGH, Appellant. (Appeal No. 1.) [832 NYS2d 366]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 3, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, assault in the second degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), assault in the second degree (§ 120.05 [6]) and grand larceny in the third degree (§ 155.35). Although defendant failed to preserve for our review his contention that the People improperly bolstered the identifications of defendant by two witnesses, we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

At trial, two eyewitnesses identified defendant as the perpetrator of the crime, and further testified that they had previously identified him in lineups. The People thereafter elicited testimony from a police investigator that the two witnesses identified defendant as the perpetrator after viewing the lineups. As the People correctly concede, the investigator's testimony improperly bolstered the identifications of defendant by the eyewitnesses (see People v Holt, 67 NY2d 819, 821 [1986]). The sole contested issue at trial was the identification of the perpetrator, and the evidence of identification is not overwhelming. We therefore reverse the judgment and grant a new trial. Further, we note that defendant may move to suppress the identifications prior to the new trial.

The verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We have considered the remaining contentions of defendant, including

those raised in his pro se supplemental brief, and conclude that they are without merit, or moot in light of our determination. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.