People v Ceballos (2025 NY Slip Op 03339)

People v Ceballos

2025 NY Slip Op 03339

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-08212
 (Ind. No. 1372/19)

[*1]The People of the State of New York, respondent,
v
Christian Ceballos, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Nicholas Isaacson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael J. Yavinsky, J.), rendered September 8, 2022, convicting him of attempted assault in the second degree, criminal obstruction of breathing or blood circulation, assault in the third degree, endangering the welfare of a child, attempted assault in the third degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of attempted assault in the second degree, criminal obstruction of breathing or blood circulation, assault in the third degree, endangering the welfare of a child, attempted assault in the third degree, and harassment in the second degree, arising from two incidents involving his girlfriend, with whom he shares a child. The defendant contends that the Supreme Court erred in admitting evidence of certain events and communications that occurred immediately after the second incident.
"Generally, all relevant evidence is admissible unless its admission violates some exclusionary rule" (People v Robinson, 170 AD3d 893, 894 [internal quotation marks omitted]). "However, relevant evidence may still be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the risk of unduly prejudicing the defendant" (id.). "Certain postcrime conduct is [viewed as] 'indicative of a consciousness of guilt, and hence of guilt itself'" (People v Bennett, 79 NY2d 464, 469, quoting People v Reddy, 261 NY 479, 486).
Here, the Supreme Court did not improvidently exercise its discretion in admitting evidence of the defendant's conduct in fleeing from Queens to Brooklyn after the second incident and of his efforts to evade arrest, as this evidence was indicative of a consciousness of guilt, its probative value was not substantially outweighed by the risk of undue prejudice, and the court gave an appropriate limiting instruction (see People v Jackson, 125 AD3d 1002, 1004; People v Fitzgerald, 84 AD3d 1397, 1397). Furthermore, the limited background testimony of a detective as to his role as a hostage negotiator was not prejudicial (see People v Hardy, 146 AD2d 645, 645).
However, the Supreme Court erred in admitting into evidence the defendant's [*2]communications with the detective over the phone and by text message, concerning the child, as this evidence was not relevant to the issues at trial regarding the charged offenses (see People v Brown, 224 AD3d 922, 924; People v Chambers, 168 AD3d 1092, 1093). Nevertheless, the errors did not deprive the defendant of a fair trial, and were harmless, as there was overwhelming evidence of the defendant's guilt without the irrelevant evidence, and no significant probability exists that the errors contributed to the convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Brown, 224 AD3d at 924; People v Cherry, 163 AD3d 706, 707).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court