■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 14, 1982, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The conviction in this case arose out of an incident where the victim testified that she had been raped and sodomized by

the defendant while he wielded a sharpened screwdriver. The defendant claimed that he knew the victim and that she participated willingly.

The defendant urges that the trial court's failure to submit to the jury, upon request, the crime of sexual misconduct (Penal Law § 130.20) as a lesser included offense, mandates reversal. Two criteria must be met before a trial court is required to submit a lesser included offense: (1) the crime to be charged must in fact be a lesser included offense so that it is impossible to commit the greater offense without also committing the lesser one, and (2) there must exist a reasonable view of the evidence to support a finding that the defendant committed the lesser but not the greater offense (see, People v Glover, 57 NY2d 61; CPL 1.20 [37]; 300.50). A review of the facts of this case indicates that there either was forcible compulsion or consent. The trial court, therefore, properly denied the request to submit sexual misconduct as a lesser included offense.

The defendant further urges that his sentence was excessive. Based upon the nature of the crime and the defendant's history and prior criminal record, which shows, a propensity for violence, we see no reason to disturb the sentence imposed (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Gibbons, Niehoff and Rubin, JJ., concur.