■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN POLITI, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 24, 1989, upon a jury verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted of selling cocaine to Martin Ryfa, an undercover police officer, and sentenced to an indeterminate term of 6 to 18 years' imprisonment. Of the various arguments advanced for reversal, only the following merit comment.

Criticism is leveled at County Court's *Sandoval* ruling. The court permitted the People to question defendant about a criminal trespass conviction, a reckless driving conviction, a then-pending driving while intoxicated charge and two unrelated prior alleged cocaine sales. From a review of the exten-

sive *Sandoval* hearing minutes, it is apparent that the court carefully balanced the probative and potential prejudicial effect of each of defendant's prior convictions *(see, People v Sandoval,* 34 NY2d 371, 375). And inasmuch as County Court ruled that defendant would be permitted to assert his privilege against self-incrimination and assured that the jury would be furnished appropriate limiting instructions on this point, County Court cannot be said to have abused its discretion in permitting the People to question defendant on the pending driving while intoxicated charge *(see, People v Betts,* 70 NY2d 289, 291). And, while we disagree that evidence that defendant allegedly sold narcotics on two other occasions was less prejudicial than probative, given Ryfa's credible narrative, it is only possible rather than probable that had this evidence not reached the jury they would have acquitted defendant *(see generally, People v Crimmins,* 36 NY2d 230, 242); hence this error was no more than harmless. Parenthetically, it is worth noting that defendant, when questioned by the prosecutor about these alleged sales, denied that they ever occurred, and County Court promptly gave the jury appropriate limiting instructions as to why those questions had been permitted.

Defendant also finds fault with County Court's missing witness charge, which tracked the standardized charge on this issue *(see, e.g.,* 1 CJI[NY] 8.54, at 449-451), because of an addendum which allowed the jury to disregard the People's failure to call the informant as a witness if they were satisfied that she was not under the People's control. Defendant maintains that this latter instruction should not have been given on the ground that Ryfa's statement during cross-examination, that he believed the informant to be in South Carolina, did not sufficiently demonstrate that she was not within the People's control. Significantly, and somewhat disingenuously it appears, for the informant allegedly is defendant's close friend, defendant did not act promptly but waited until the case was closed before notifying the court that he would request a missing witness charge *(see, People v Gonzalez,* 68 NY2d 424, 427-428). Moreover, defendant offers nothing to indicate that the informant would furnish any noncumulative evidence favorable to him *(see, supra,* at 427; *see also, People v Almodovar,* 62 NY2d 126, 133). In our view, County Court committed no error in its instructions to the jury regarding the informant's absence.

Because Ryfa's testimony established each and every element of the crime charged, defendant's assertion that the

verdict does not rest on legally sufficient evidence has no merit *(see generally, People v Bleakley,* 69 NY2d 490, 495). Furthermore, defendant's contrary contention notwithstanding, Ryfa's testimony before the Grand Jury does not so hopelessly contradict his testimony at trial as to warrant exonerating defendant *(see, People v Jackson,* 65 NY2d 265, 272).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.