■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY G. SZARKA, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 16, 1989, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted for sexually attacking a female guest in his home. The victim testified at trial that she went to defendant's apartment to meet her girlfriend. Although her friend was not there, she stayed to drink a soda with defendant. When she tried to leave, defendant grabbed her, dragged her into his bedroom, removed her jeans and underwear, as well as his own pants, and forcibly engaged in sexual intercourse with her. After the event, she escaped to the bathroom and quickly showered. When she emerged from the shower, defendant, who had entered the bathroom, attempted to continue the sexual encounter but she pushed him away, hurriedly dressed and left the apartment. Upon his arrest, defendant acknowledged that he and the victim had sexual intercourse, but denied forcing himself upon her. This statement was suppressed, however, and at trial defendant did not testify.

After the assault, the victim was taken to the hospital by friends. The results from a rape evidence collection kit test as well as the victim's underwear were sent to the forensic scientist who testified that both the vaginal smear and wash tests were negative for seminal fluid and sperm. A sample taken from the victim's underwear, however, proved positive for sperm. The jury returned a guilty verdict, and defendant was sentenced to an indeterminate prison term of 5 to 15 years. Defendant appeals.

The record belies defendant's contention that he was afforded ineffective assistance of counsel. Defense counsel successfully sought to have defendant's pretrial admission suppressed, competently cross-examined the People's witnesses, seasonably and fittingly objected to the introduction of improper evidence and made appropriate opening and closing statements (see, People v Cornwell, 160 AD2d 1175). Defendant's criticism of his counsel for not more vigorously exploring the defense that sexual intercourse was consensual represents nothing more than an attack on the trial strategy employed and does not substantiate a denial of meaningful representation (see, People v Satterfield, 66 NY2d 796, 799-800; see also, People v McGee, 160 AD2d 1034).

Nor do we agree that County Court improperly refused to charge the lesser included offenses of sexual abuse and sexual misconduct. This court has repeatedly held that " 'sexual abuse in the first degree is not a lesser included offense of rape in the first degree' " *(People v McGee, supra,* at 1035, quoting *People v Chilson,* 133 AD2d 931, 933; *see, People v Wheeler,* 67 NY2d 960, 962). And on no reasonable view of the evidence can it be said that defendant committed sexual misconduct without concurrently committing rape in the first degree *(see,* CPL 300.50 [1]). The victim's uncontradicted testimony that defendant held her against her will while he forced himself upon her dispels any possibility that defendant was guilty of the lesser but not the greater offense *(see, People v Randall,* 86 AD2d 918, 919). In fact, the jury was offered only two theories, namely, either sexual intercourse occurred by forcible compulsion or it did not occur at all *(see, People v Torres,* 120 AD2d 553, 554; *People v Harrington,* 108 AD2d 1062, 1064). County Court, therefore, properly denied defendant's request to submit sexual abuse and sexual misconduct as lesser included offenses.

The evidence at trial established that defendant forcibly engaged in sexual intercourse with a female, each of the elements of rape in the first degree *(see,* Penal Law § 130.35 [1]). In view of the victim's unequivocal description of the traumatic sexual attack, minor inconsistencies in her testimony do not, as defendant suggests, demonstrate that the evidence was legally insufficient to support the jury verdict, or that the verdict was against the weight of the evidence *(cf., People v Politi,* 161 AD2d 1045, 1046-1047).

Given the circumstances of the crime and defendant's significant criminal history, the sentence, which is well within statutory limits, is neither harsh nor excessive. Defendant's remaining contentions, including charges that the People's experts invaded the province of the jury and that the prosecutor made an improper comment during opening arguments, were not preserved for appellate review; additionally, they lack merit.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.