■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR REED, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered January 15, 1988, convicting him of criminal possession of a controlled substance in the third degree, and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly denied the defendant's motion to dismiss the indictment in furtherance of justice based on an alleged cooperation agreement between him and law enforcement officials, as he failed to establish any of the compelling circumstances that would justify exercising the discretionary power granted in CPL 210.40. Such power is to be exercised spar-

ingly *(People v Field,* 161 AD2d 660, 661), and the defendant was unable to show either a clear and specific promise from the authorities or services performed by the defendant involving a significant degree of risk or sacrifice *(cf., People v Delaney,* 80 AD2d 835; *People v Argentine,* 67 AD2d 180).

The defendant contends that he was denied a fair trial by certain remarks made by the prosecutor during summation. However, several of these comments constituted permissible responses to the defense counsel's summation argument that the People's case was incredible *(see, People v Galloway,* 54 NY2d 396; *People v Wandoloski,* 128 AD2d 568). While other remarks by the prosecutor were improper *(see, People v Jackson,* 143 AD2d 363; *People v Torriente,* 131 AD2d 793; *People v Torres,* 111 AD2d 885), we find they did not deprive the defendant of a fair trial.

Moreover, the defendant contends that it was error for the trial court to refuse to instruct the jury on the defense of temporary authorized possession under Public Health Law § 3305, inasmuch as the defendant claimed at trial that he knew he was dealing with an undercover police officer and that he had previously cooperated in arranging narcotics purchases for the police *(cf., People v Sierra,* 45 NY2d 56, 62). This error was harmless, however, as the jury rejected the agency defense which was charged as to the sales count. Since the defense of temporary authorized possession would depend on the jury believing that the defendant acted as the undercover officer's agent, there is no possibility that the failure to deliver this charge affected the jury's verdict.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Harwood and O'Brien, JJ., concur.