■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY CHENG, Also Known as JIH JUI CHENG, Appellant. [696 NYS2d 704] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 28, 1996 (*People v Cheng,* 232 AD2d 651), affirming a judgment of the Supreme Court, Queens County, rendered July 12, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., Altman, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN CORREA, Appellant. [696 NYS2d 705] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered October 29, 1996, convicting him of assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the fourth degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that on a reverse-*Batson* application, the trial court applied the wrong standards in determining that the race-neutral excuses proffered by defense counsel were pretextual (*see, Batson v Kentucky,* 476 US 79). That contention is unpreserved for appellate review, as the defendant failed to object on those grounds at a time that the court could have remedied the perceived error (*see,* CPL 470.05 [2]). In any event, the record indicates that the court applied the appropriate legal standards (*see, People v Childress,* 81 NY2d 263). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.