■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL CICCARELLO, Appellant. [714 NYS2d 695] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Sheridan, J.), rendered November 17, 1997, convicting him of rape in the first degree, burglary in the second degree (two counts), criminal contempt in the first degree, criminal contempt in the second degree (nine counts), criminal possession of a weapon in the fourth degree, criminal trespass in the second degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant refused to enter the courtroom to be arraigned, his absence was a knowing and voluntary waiver of his right to be present (*see,* CPL 210.15; *People v Epps,* 37 NY2d 343, *cert denied* 423 US 999; *People v Gloster,* 175 AD2d 258, 261). Furthermore, the defendant subsequently submitted to the court's jurisdiction by his presence at trial (*see, People v Jordan,* 20 AD2d 583).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that the defendant's conviction for rape in the first degree was supported by legally sufficient evidence that the defendant broke into the home of his former girlfriend, held her captive for five hours, and subjected her to sexual intercourse by forcible compulsion (*see, People v Szarka,* 163 AD2d 758; *People v Sullivan,* 159 AD2d 738). Similarly, his convictions for two counts of burglary in the second degree based on incidents which occurred on the day of the rape and on a previous occasion in

violation of an order of protection were also supported by legally sufficient evidence (*see, People v Bonner,* 256 AD2d 1219; *People v Cowan,* 184 AD2d 778).

The defendant also contends that the testimony of the complainant was incredible. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 87, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.