The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. By applying for a personal bank loan while impersonating one of her clients and providing information she either fabricated or had knowledge of due to the contractual relationship, defendant took steps bringing her " 'dangerously near' " to the completion of the crime (*People v Mahboubian*, 74 NY2d 174, 190; *People v Kyoung Ja Choi*, 259 AD2d 423, *lv denied* 93 NY2d 1021). Defendant's larcenous intent could be readily inferred from the evidence (*see, People v Meadows*, 199 NY 1, 7).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES GONZALEZ, Appellant. [718 NYS2d 311] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered December 18, 1997, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 4½ years, unanimously affirmed.

The court's *Sandoval* ruling, which permitted cross-examination concerning fifteen larceny-related convictions, without any reference to the underlying facts of those convictions, and which denied inquiry into two prior assault convictions and a prior arson conviction, balanced the appropriate factors and was a proper exercise of discretion (*see People v Walker*, 83 NY2d 455, 458-459; *People v Cooper*, 249 AD2d 141, *affd* 92 NY2d 968). We note that the larceny-related convictions were both highly relevant to credibility and dissimilar to the crime with which defendant was charged. Concur— Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [717 NYS2d 536] —Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered June 11, 1999, convicting defendant, upon his plea of guilty, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The record, including the thorough plea allocution, estab-

lishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered (*see, People v Fiumefreddo*, 82 NY2d 536, 543-544) and that he received meaningful representation (*see, People v Ford*, 86 NY2d 397, 404).

Under the cooperation agreement, the People, in their sole discretion, were to determine whether defendant's cooperation efforts were so "extraordinary" as to warrant a misdemeanor plea. The cooperation agreement clearly promised such leniency in exchange for "extraordinary" efforts, not simple cooperation (*see, People v Anonymous*, 219 AD2d 525, *lv denied* 87 NY2d 844). Inasmuch as the People's determination that the agreement went unfulfilled was made in good faith, defendant's motion for specific performance or leave to withdraw his plea was properly denied (*People v Anonymous*, 253 AD2d 709, *lv denied* 92 NY2d 980). The court, after affording defendant a full and fair opportunity to address the issue of his cooperation, imposed the minimum sentence permissible under the felony plea. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.