■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN T. WILLIAMS, Appellant. [733 NYS2d 222] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered February 19, 1999, convicting him of attempted sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in denying his motion to preclude the People from offering evidence concerning the laboratory analysis of the drugs he was charged with selling because the analysis was not performed within 45 days after the drugs came into police custody as required by CPL 715.50 (1). However, the defendant's challenge to the admissibility of the laboratory reports does not fall within the limited group of claims relating to fundamental jurisdictional defects which survive a plea of guilty and may be raised on appeal (see, People v Di Donato, 87 NY2d 992, 993; People v McFadgen, 274 AD2d 830; People v Gerber, 182 AD2d 252). Furthermore, since the defendant's motion to exclude evidence of the laboratory reports was not a motion to suppress unconstitutionally obtained evidence within the scope of CPL article 710, he does not have a statutory right pursuant to CPL 710.70 (2) to post-plea appellate review of this issue. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.