■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NORRIS, Appellant. [773 NYS2d 591]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 7, 2001, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams,* 247 AD2d 416

[1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Williams,* 84 NY2d 925, 926 [1994]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant contends that the police officer's testimony regarding the lineup improperly bolstered the complainant's identification testimony (*see People v Trowbridge,* 305 NY 471 [1953]; *People v Holt,* 67 NY2d 819 [1986]). However, no objection to the police officer's testimony was made and the issue is not preserved for appellate review (*see* CPL 470.05 [2]). Furthermore, since the defendant elicited other information from the police officer regarding the same subject and relied on it in pursuit of his defense, any error in admitting the testimony was harmless (*see People v Tarsia,* 50 NY2d 1, 8-9 [1980]; *People v Vera,* 183 AD2d 486, 487 [1992]).

The defendant's constitutional challenge to his adjudication as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Messer,* 305 AD2d 260, 261 [2003], *lv denied* 100 NY2d 584 [2003]; *People v Lebron,* 293 AD2d 689, 690 [2002]). Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.