■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B., Appellant. [787 NYS2d 896]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 4, 2001, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree under indictment No. 3731/97, upon his plea of guilty, and (2) a judgment of the same court also rendered October 4, 2001, convicting him of bail jumping in the first degree under indictment No. 3802/00, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's main argument, there was no cooperation agreement. The defendant produced no competent proof of any "clear and specific promise from the authorities" (*People v Reed,* 184 AD2d 536, 537 [1992]), and there was no competent proof of anything that could properly be characterized as a cooperation agreement (*see e.g. People v Anonymous,* 234 AD2d 80 [1996]; *cf. People v Anonymous,* 278 AD2d 111, 112 [2000]; *People v Fraisier,* 253 AD2d 437 [1998]; *People v Argentine,* 67 AD2d 180, 184 [1979]). We do not agree with the defendant to the extent that he argues that, even in the absence of any cooperation agreement, he was entitled to have his plea vacated based on the People's failure to demonstrate a reasonable basis for their refusal to reward him for his supposed cooperation by agreeing to recommend a sentence less severe than the sentence that was promised as an inducement to the plea (*cf. United States v Bowler,* 585 F2d 851, 853 [1978]). When there is no cooperation agreement, the People have no duty to produce evidence justifying their refusal to consent to reduce the defendant's sentence to a term less severe than that agreed to as part of the plea agreement.

The defendant's argument that Penal Law § 70.08 violates the rule announced in *Apprendi v New Jersey* (530 US 466 [2000]; *see Blakely v Washington,* 542 US —, 124 S Ct 2531 [2004]; *Ring v Arizona,* 536 US 584 [2002]) is not preserved for appellate review (*see e.g. People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Besser,* 96 NY2d 136, 148 [2001]; *People v Sutton,* 12 AD3d 707 [2004]; *People v Robinson,* 8 AD3d 1028, 1030 [2004]; *People v Norris,* 5 AD3d 796, 797 [2004]), and, in any event, is without merit (*see e.g. People v Sutton, supra; People v Horn,* 7 AD3d 638 [2004], *lv*

*denied* 3 NY3d 659 [2004]; *People v Horne,* 6 AD3d 549, 550 [2004]; *People v Norris, supra*). Prudenti, P.J., Crane, Skelos and Lifson, JJ., concur.