■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK SCOTT, Appellant. [836 NYS2d 644]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered May 25, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was not valid under the circumstances of this case (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Calvi*, 89 NY2d 868 [1996]; *People v Rozo*, 196 AD2d 514 [1993]). However, the County Court did not err in denying the defendant's motion to compel the prosecution to provide a written statement describing the defendant's cooperation with law enforcement authorities. There was no written cooperation agreement nor was any agreement placed on the record at the time of defendant's plea of guilty. As there was no cooperation agreement to enforce, nor any necessity for the People to justify not recommending a downward modification of the agreed-upon plea (*see People v Huertas*, 85 NY2d 898 [1995]; *People v David B.*, 14 AD3d 617 [2005]), the prosecution was not obligated to provide a written statement describing the defendant's cooperation. In any event, the defendant provided the court with an extensive pre-plea memorandum, including significant references to his cooperation with law enforcement officials.

The County Court did not err in denying the defendant's application for an adjournment of sentencing. The defendant intelligently and knowingly participated in the sentencing proceeding even though he had hit his head when he fell in the lock-up prior to sentencing. There was no denial of the defendant's right to due process. (*cf. People v Hansen*, 99 NY2d 339 [2003]).

The sentence imposed was not excessive. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.