■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDEN FERGUSON, Appellant. [872 NYS2d 187]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Vaughan, J.), rendered August 17, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he knowingly and voluntarily waived his right to be present for the second day of voir dire after being warned of the consequences of his refusal to return to the courtroom in accordance with the standards enunciated in *People v Parker* (57 NY2d 136, 140-141 [1982]). Accordingly, the Supreme Court properly completed jury selection in his absence (*see People v Severino*, 44 AD3d 1077, 1078 [2007]; *People v Rosas*, 34 AD3d 605 [2006]; *People v Ciccarello*, 276 AD2d 637, 637 [2000]; *People v Myers*, 215 AD2d 595, 596 [1995]).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review (*see People v Rosen*, 96 NY2d 329, 335 [2001]; *People v David B.*, 14 AD3d 617, 618 [2005]). In any event, as the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]), he was not entitled to a jury trial to determine the facts underlying his prior felony convictions (*see People v Myers*, 33 AD3d 822, 822-823 [2006]; *People v Highsmith*, 21 AD3d 1037, 1038-1039 [2005]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.