■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDEN FERGUSON, Appellant. [896 NYS2d 880]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 27, 2009 (*People v Ferguson*, 58 AD3d 865 [2009]), affirming a judgment of the Supreme Court, Kings County, rendered August 17, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM GOLDSMITH, Appellant. [897 NYS2d 879]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 25, 2007, convicting him of kidnapping in the second degree, assault in the second degree, and stalking in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of stalking in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 120.60 [1]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence on any of the convictions (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Rivera, J.P., Florio, Miller and Eng, JJ., concur.