■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOLPHUS A. TROMBLEY, Appellant. [900 NYS2d 184]—

Mercure, J.P. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered July 8, 2008, (1) upon a verdict convicting defendant of the crimes of rape in the third degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree, and (2) convicting defendant

upon his plea of guilty of the crime of burglary in the third degree.

In September 2007, defendant was charged in an indictment with rape in the first degree, rape in the third degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree (two counts). The charges arose from an incident in which defendant, who was 28 years old at the time, allegedly supplied two teenage girls with alcohol, and then engaged in sexual intercourse with one of the girls (hereinafter the victim), who was 16 years old and allegedly unconscious at the time. After he was released on his own recognizance pending these charges, defendant was arrested and charged with burglary in the third degree and petit larceny (two counts), stemming from his theft of two dirt bikes. During the ensuing jury trial on the initial charges, County Court dismissed one charge of unlawfully dealing with a child. Ultimately, defendant was acquitted of rape in the first degree and convicted of the remaining charges. He thereafter pleaded guilty to burglary in the third degree in full satisfaction of the second indictment and was sentenced, as a second felony offender, to an aggregate term of 2 to 4 years in prison in connection with both matters. Defendant appeals,* and we now affirm.

Initially, we reject defendant's argument that County Court improperly failed to enforce an unwritten cooperation agreement that he allegedly entered into with law enforcement. A defendant seeking dismissal of an indictment pursuant to a cooperation agreement must demonstrate, by a preponderance of the evidence, "a clear and specific promise from the authorities [and] services performed by the defendant involving a significant degree of risk or sacrifice" (*People v Reed*, 184 AD2d 536, 537 [1992]; *see* CPL 210.45 [7]; *People v Anthony C.*, 234 AD2d 379 [1996], *lv denied* 89 NY2d 983 [1997]; *People v Argentine*, 67 AD2d 180, 184-185 [1979]; *see also Matter of Chaipis v State Liq. Auth.*, 44 NY2d 57, 65 [1978]). At a hearing to determine whether there was a cooperation agreement or breach by the People, defendant stated that he agreed to participate in controlled drug purchases from five individuals as a confidential informant in exchange for dismissal of the rape charges pending against him. Defendant conceded, however, that he failed to make any controlled buys and investigators testified both that there was no promise to dismiss the charges

---

* Defendant makes no arguments regarding his plea of guilty to burglary in the third degree and, thus, any issues with respect thereto are deemed abandoned (*see e.g. People v Barrett*, 39 AD3d 1088, 1089 [2007], *lv denied* 9 NY3d 863 [2007]).

against him and that defendant failed to contact them after his release from jail, as required. In light of this evidence and according deference to County Court's credibility determinations, we agree with the court that defendant failed to establish the existence of any specific promise or that he performed any services in furtherance of a cooperation agreement (*see People v David B.*, 14 AD3d 617, 618 [2005], *lv denied* 5 NY3d 761 [2005]; *People v Fraisier*, 260 AD2d 398, 398 [1999]; *People v Anthony C.*, 234 AD3d at 379; *People v Reed*, 184 AD2d at 536-537).

Similarly lacking in merit is defendant's argument that reversal is required because County Court improperly modified its pretrial *Sandoval* ruling after the People's witnesses began testifying. As this Court has noted, "a defendant is entitled to a *pretrial* ruling on the scope of permissible cross-examination as to [past criminal or immoral acts]" and, thus, reversal may be required when the ruling is made after a defendant has committed to a particular defense strategy (*People v Cross*, 25 AD3d 1020, 1024 [2006] [citation omitted]; *see People v Schwerbel*, 224 AD2d 830, 831 [1996]). Here, County Court initially ruled prior to commencement of trial that, if defendant were to testify, the People would be permitted to ask whether defendant was ever convicted of a felony or a misdemeanor. Upon the People's pretrial request and absent any objection from defendant, the court permitted the People to submit a memorandum of law on the matter, and thereafter modified its ruling to permit the People to cross-examine defendant regarding certain specific crimes. Inasmuch as defendant failed to object to the People's request to submit a memorandum of law, request a final *Sandoval* ruling prior to trial or object to the modification on the ground that it would interfere with his chosen defense strategy, his argument that his defense was impacted by the court's delay in issuing a final ruling is not preserved for our review (*cf. People v Cross*, 25 AD3d at 1024). Moreover, reversal in the interest of justice is unwarranted here because any error in this regard was harmless given the overwhelming proof of defendant's guilt and the absence of any significant probability that the verdict would have been different if County Court had not modified its pretrial ruling (*see People v Grant*, 7 NY3d 421, 424-426 [2006]; *People v Young*, 271 AD2d 751, 752 [2000], *lv denied* 95 NY2d 859 [2000]; *cf. People v Cross*, 25 AD3d at 1024).

Defendant's remaining contentions regarding ineffective assistance of counsel and the sufficiency of the evidence before the grand jury do not require extended discussion. Defendant failed to demonstrate that the conduct of his defense was impacted by any conflict of interest that may have arisen due to

his counsel's previous representation of one of the People's witnesses (see People v Harris, 99 NY2d 202, 210-212 [2002]; People v Longtin, 92 NY2d 640, 644-645 [1998], cert denied 526 US 1114 [1999]). To the extent that defendant challenges County Court's denial of his motion to dismiss the charge of rape in the first degree on the ground that the evidence before the grand jury was insufficient to establish a prima facie case, we note that he was acquitted of that charge (see People v Morin, 192 AD2d 791, 791-792 [1993], lv denied 81 NY2d 1077 [1993]; People v Cunningham, 163 AD2d 412, 412 [1990]). Finally, his argument that the introduction of testimony related to that charge deprived him of a fair trial on the additional charges is unsupported by the record (see People v Brown, 83 NY2d 791, 793-794 [1994]).

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.