■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SCOTT M. FOURNIER, Respondent. [909 NYS2d 813]—

Lahtinen, J. Appeal from that part of an order of the County Court of St. Lawrence County (Richards, J.), entered October 27, 2009, which granted defendant's motion to dismiss the indictment.

Facing a possible felony charge for possessing cocaine, defendant entered into a cooperation agreement with law enforcement officials. Some terms of the agreement were set forth in writing and others were agreed to verbally. Defendant wore a wire during a drug transaction and also supplied reliable information. His efforts resulted in the arrest of two other individuals. Law enforcement officials nevertheless determined that he had not fully complied with the agreement and, thus, he was indicted for criminal possession of a controlled substance in the third degree. Defendant moved to dismiss the indictment and, follow-

ing a combined suppression and dismissal hearing, County Court dismissed the indictment, finding that defendant had substantially complied with the cooperation agreement. The People appeal.

We affirm. "A defendant seeking dismissal of an indictment pursuant to a cooperation agreement must demonstrate, by a preponderance of the evidence, 'a clear and specific promise from the authorities [and] services performed by the defendant involving a significant degree of risk or sacrifice' " (*People v Trombley*, 72 AD3d 1402, 1403 [2010], quoting *People v Reed*, 184 AD2d 536, 537 [1992]; *see Matter of Chaipis v State Liq. Auth.*, 44 NY2d 57, 65 [1978]). Where conflicting evidence is presented at the hearing, we accord deference to the trial court's credibility determinations (*see People v Trombley*, 72 AD3d at 1404). Defendant testified that he was told by police that he was required to make two or three felony drug purchases and, when he requested this condition be put in writing, the police refused. He thus allegedly recorded a conversation with police regarding these terms of the agreement, and it is undisputed that the police confiscated that recording from defendant and destroyed it. Although a police officer testified that defendant was required to purchase drugs twice from five different people and that this requirement never changed, an Assistant District Attorney acknowledged that the agreement was modified in defendant's favor because of the significance of one of the arrests. Defendant maintained that he was informed by law enforcement officials that his assistance in the arrest of the significant drug dealer resulted in the total fulfillment of his obligation. In light of the evidence at the hearing and deferring to County Court's assessment of credibility, we are unpersuaded that it was error to dismiss the indictment.

The People's remaining arguments, to the extent they were properly preserved for review, have been considered and found unavailing.

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the order is affirmed.