THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUGGERIO, Appellant. [920 NYS2d 226]—

The defendant pleaded guilty to the reduced charges of attempted criminal possession of a weapon in the second degree and attempted criminal possession of a controlled substance in the fourth degree in exchange for a negotiated sentence. That same day, the defendant agreed to cooperate with the People in exchange for the possibility of obtaining a more lenient sentence. However, after the agreement was signed, the People unilaterally and materially changed the terms of the agreement in a manner that effectively deprived the defendant of a meaningful opportunity to successfully meet the conditions of the cooperation agreement. While the defendant made significant efforts to attempt to comply with the newly imposed terms of cooperation, his efforts were ultimately unsuccessful, and the People terminated the agreement. No recommendation for a lesser sentence than that negotiated was made, and the defendant was sentenced in accordance with the negotiated sentence.

Under the particular circumstances of this case, that branch of the defendant's motion which was to enforce the terms of the cooperation agreement should have been granted to the extent of deeming the defendant to have fully complied with his obligations thereunder so as to entitle him to any benefit upon sentencing deemed appropriate by the sentencing court (*see generally Matter of Chaipis v State Liq. Auth.*, 44 NY2d 57 [1978]; *cf. People v Delaney*, 80 AD2d 835 [1981]). Accordingly, we must vacate the sentence and remit the matter to the County Court, Suffolk County, for resentencing. At resentencing, the defendant should be granted the benefit of having fulfilled his obligations under the cooperation agreement, to such extent as the resentencing court, in its discretion, deems appropriate. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.