■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ANDRADES, Also Known as JUAN A. ANDRADES, Also Known as JUAN A. ANDRADES, JR., Appellant. [990 NYS2d 582]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 24, 2011, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty (Hayes, J.), and imposing sentence.

Ordered that the judgment is affirmed.

"A defendant seeking dismissal of an indictment pursuant to a cooperation agreement [or enforcement of the cooperation agreement] must demonstrate, by a preponderance of the evidence, 'a clear and specific promise from the authorities [and] services performed by the defendant involving a significant degree of risk or sacrifice' " (*People v Trombley*, 72 AD3d 1402, 1403 [2010], quoting *People v Reed*, 184 AD2d 536, 537 [1992]; *see* CPL 210.45 [7]; *Matter of Chaipis v State Liq. Auth.*, 44 NY2d 57, 65 [1978]; *People v Ruggerio*, 82 AD3d 1270, 1271 [2011]; *People v Anthony C.*, 234 AD2d 379 [1996]; *People v*

*Delaney,* 80 AD2d 835 [1981]; *People v Argentine,* 67 AD2d 180, 184-185 [1979]). Contrary to the defendant's contention, the County Court properly determined in an *Argentine* hearing (*see People v Argentine,* 67 AD2d 180 [1979]) that the defendant breached a written cooperation agreement with the People by disclosing his involvement in an investigation that was the subject of the cooperation agreement to a third party, thereby compromising the investigation.

The defendant's contention that the County Court applied the wrong evidentiary standard during the *Argentine* hearing is unpreserved for appellate review, as he failed to object at the appropriate time (*see* CPL 470.05 [2]; *People v Young,* 295 AD2d 631, 632 [2002]; *People v Correa,* 265 AD2d 488 [1999]). In any event, the record indicates that the County Court simply misspoke when it referred to the improper standard, as it later referred to and applied the correct evidentiary standard of preponderance of the evidence in its decision after the hearing (*see* CPL 210.45 [7]; *People v Trombley,* 72 AD3d 1402, 1403 [2010]; *People v Reed,* 184 AD2d 536, 536-537 [1992]).

The defendant's contention that the County Court failed to fulfill a condition of his plea when it sentenced him without a positive laboratory report is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Murphy,* 55 AD3d 930 [2008]). In any event, the contention is without merit, as the presentence report stated that a plastic bag recovered from the defendant contained a white powdery substance that testing revealed to be 52.18 grams of cocaine, and the County Court Judge stated at sentencing that he had read the presentence report. Further, the defendant's challenge to the admissibility of the laboratory report does not fall within the limited group of claims relating to fundamental jurisdictional defects which survive a plea of guilty and may be raised on appeal (*see People v Williams,* 288 AD2d 409 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.