■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Rafael Florentino, Appellant. [603 NYS2d 762] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered March 26, 1991, convicting him of robbery in the first degree (two counts), robbery in the second degree and robbery in the third degree under Indictment No. 2967/90, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. 12317/90, upon his plea of guilty, and imposing sentences.

Ordered that the judgment rendered under Indictment No. 2967/90 is modified, on the law, by reversing the conviction for robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 12317/90 is affirmed.

As the People concede, and we agree, the defendant's conviction of robbery in the third degree must be dismissed as an inclusory concurrent count of robbery in the first degree (see, CPL 300.40 [3] [b]; *People v Glover,* 57 NY2d 61, 64; *People v Green,* 56 NY2d 427, 430). However, the defendant's contention that his conviction of robbery in the second degree should also be dismissed is without merit, since robbery in the second degree as defined in Penal Law § 160.10 (1) is not an inclusory concurrent count of robbery in the first degree as defined in Penal Law § 160.15 (3) (see, *People v Mason,* 128 AD2d 812, 813; *People v Zada,* 82 AD2d 926; see also, *People v Acevedo,* 40 NY2d 701, 706).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.