■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WHITEHURST, Appellant. [776 NYS2d 822]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered February 28, 2001, convicting him of robbery in the first degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacat-

ing the conviction of robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As the People correctly concede, the defendant's conviction of robbery in the third degree was an inclusory concurrent count of the conviction of robbery in the first degree. Thus, the conviction of robbery in the third degree must be vacated and that count of the indictment dismissed (*see People v Green,* 56 NY2d 427, 430 [1982]; *People v Florentino,* 196 AD2d 881 [1993]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harripersaud,* 4 AD3d 375 [2004]). In any event, the challenged remarks constituted fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]), were responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]), or were harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.