[795 NYS2d 216]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant.

First Department, May 19, 2005

APPEARANCES OF COUNSEL

*Michele Hauser*, New York City, for appellant.

*Robert M. Morgenthau, District Attorney,* New York City (*Karen Schlossberg* and *Gina Mignola* of counsel), for respondent.

## OPINION OF THE COURT

SAXE, J.P.

Defendant correctly asserted, in his pro se motion pursuant to CPL 440.10 to vacate his conviction, that his trial counsel failed to properly represent him during the plea negotiations in his prosecution on a robbery charge. Specifically, it is undisputed that in the course of plea discussions, the prosecutor and the trial court misapprehended defendant's status for sentencing purposes, and defense counsel failed to ascertain and correct this misapprehension. Counsel's representation in this respect, as a matter of law, fell below the requirements of reasonably effective assistance. Under these circumstances, defendant's assertions were sufficient to warrant an evidentiary hearing to determine whether it is reasonably probable that an acceptable plea bargain would have been reached but for counsel's failure.

On December 17, 1996, the court dismissed the initial robbery indictment obtained against defendant, with leave to re-present, based upon the violation of defendant's right to testify before the grand jury (CPL 190.50 [5] [a]). Before proceeding further, the People offered defendant a plea bargain of 16 years to life for a plea to a reduced charge of a class C felony, which offer would only remain open until they re-presented the matter to the grand jury. The offered sentence was based on the incorrect assumption that defendant was a persistent violent felony offender rather than a second violent felony offender, and

was the lowest term available for a persistent violent felony offender. The confusion regarding defendant's sentencing status appears to have arisen because defendant had been sentenced on the same day for two prior violent felonies, which therefore could not be treated as two separate predicate convictions for purposes of Penal Law § 70.08 (1) (b) (*see People v Morse*, 62 NY2d 205 [1984]).

The correct range of sentences for the top charged count of robbery in the first degree, a class B felony, as a second violent felony offender, was actually a determinate sentence between 10 and 25 years (Penal Law § 70.04 [3] [a]), and for a plea to a reduced, class C felony, the range would have been a determinate term between 7 and 15 years (Penal Law § 70.04 [3] [b]).

Defendant rejected the 16 years to life offer and testified before the grand jury, and was again indicted for robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the second degree. After his conviction at trial, he was sentenced as a second violent felony offender to an aggregate determinate term of 25 years. This Court affirmed the conviction (277 AD2d 68 [2000], *lv denied* 96 NY2d 759 [2001]).

Although his moving affidavit is inartfully phrased, defendant's motion to set aside the conviction is premised upon the assertion that while he felt induced to reject the offer of 16 years to life, it was reasonably probable that he would have accepted a plea bargain and not proceeded to trial if counsel had determined and pointed out his actual sentencing status, correctly informed him of the possible range of sentences in the event of conviction, and elicited a plea offer from the prosecutor reflecting defendant's actual sentencing status.

Admittedly, defendant's initial moving affidavit reflects that at the time of the CPL 440.10 motion he continued to be mistaken as to his correct sentencing status and the possible range of sentences, inasmuch as he asserted that he "could only be sentenced as a first felony offender" and that the proper sentence was an indeterminate sentence of between 6 to 25 years for the top count of robbery in the first degree. However, these errors do not detract from the essential premise, that his trial counsel failed to realize and point out defendant's true sentencing status so as to obtain a plea offer in line with that status, and that such an offer would have been a substantial improvement over the erroneous offer of 16 years to life imprisonment, a term substantially in excess of the term which

could have been offered had defense counsel pointed out the error.

In order to be entitled to reversal for ineffective assistance of counsel under the federal constitutional standard, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different (*see Strickland v Washington*, 466 US 668, 688, 694 [1984]; *Pham v United States*, 317 F3d 178, 182 [2003]). Under the New York State standard, prejudice is examined more generally, and the question is whether the defendant received meaningful representation, an inquiry which focuses on the fairness of the proceedings as a whole rather than any particular impact on the outcome of the case (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708 [1998]).

That the first prong of the test is satisfied, in that counsel's representation fell below an objective standard of reasonableness, is established by *Mask v McGinnis* (28 F Supp 2d 122 [1998], *affd* 233 F3d 132 [2000], *cert denied* 534 US 943 [2001]). The *Mask* case, like the matter now before us, involved a mistaken belief on the part of counsel and the court that the defendant was a persistent violent felony offender. In that case, notwithstanding this Court's decision on direct appeal that there was "no reasonable probability that a more favorable plea bargain would have been struck but for the mistake" (*People v Mack [also known as Mask]*, 223 AD2d 383 [1996], *lv denied* 88 NY2d 989 [1996]), a writ of habeas corpus was granted to the defendant by the Federal District Court (*see Mask v McGinnis, supra*). With respect to the first prong of the *Strickland* standard, the federal court held that due to counsel's failure to detect and correct the court's and prosecutor's mistaken impression of defendant's sentencing status during plea discussions, the defendant "was not properly advised and he was not properly represented in the plea negotiations" (28 F Supp 2d at 125).

The second prong of the *Strickland* test requires a showing that the defendant was prejudiced by counsel's failure, generally by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland*, 466 US at 694). In *Mask*, that standard was satisfied, since the submitted documents established that (1) the defendant asserted that while he rejected the plea

offer of 10 years to life because it was unreasonable, a reasonable offer would have been 8 to 16 years, and that he would have pleaded guilty had the prosecution offered a sentence of less than 10 years to life, and (2) the record demonstrated that the prosecutor would have been willing to offer a more favorable plea but for her mistaken belief that the defendant was a persistent violent felony offender (28 F Supp 2d at 125-126). Consequently, the court in *Mask* reasoned, "a reasonable possibility exist[ed] that if defense counsel had pointed out that petitioner was not a persistent violent felony offender, additional negotiations would have been pursued and the prosecutor probably would have been willing to offer a sentence lower than ten to life, including a sentence in the range that petitioner would have found reasonable—eight to sixteen years" (28 F Supp 2d at 126).

Here, giving defendant appropriate leeway in his choice of words, the motion court should have directed a hearing to determine, as a factual matter, whether there was a reasonable probability that a more favorable plea bargain acceptable to defendant would have been struck but for the mistake. This question of fact requires determination of both (1) whether the prosecutor, had his misapprehension been corrected, would still have offered defendant a plea to a class C felony, carrying a determinate sentence somewhere between 7 and 15 years, and (2) whether defendant would have accepted such a plea offer.

As to whether the prosecutor, if properly informed, would have offered a more acceptable or reasonable sentence, we note that although there was only a short period in which the prosecutor was willing to negotiate a plea, he did, in fact, offer what he believed to be as low a sentence as he could offer, after a reduction in the charge. Indeed, the Assistant District Attorney even appears to have been willing to go back to his superiors, at the court's suggestion, to have them consider a plea to a D felony, indicating that he harbored no principled objection to a term less than 16 years to life. While there is no guarantee that the People would have offered a plea to a C violent felony with a far lower sentence than that offered, had they known defendant's true status, the offer to the minimum sentence available on the reduced charge is enough of a showing to warrant a hearing on the article 440 motion to determine whether the People would have made a significantly more favorable offer to defendant had they known his actual status.

A hearing is also in order to determine whether there is a reasonable probability that defendant would have accepted such

an offer. Defendant's assertion that it was "highly possible" that he would have accepted a "correct" plea bargain offer may not be as definitive as a statement that he "would have" accepted a particular, specified term, but in view of the possible range of what the People could have offered if their misapprehension had been corrected, what he did state was sufficient to require a hearing. Moreover, although the denial of reargument is not appealable, in his affidavit on reargument, defendant added that he would have "considered" a plea of 7 to 15 years, and "would have pled guilty."

Thus, while defendant's papers do not definitively establish a reasonable probability that but for counsel's error, he would have been offered, and would have accepted, a reasonable plea offer, in view of counsel's established failure, his assertions were enough to require a fact-finding hearing to determine whether there is a reasonable probability that a more favorable plea offer would have been made and accepted.

In rejecting defendant's claim that it was highly possible that he would have accepted a more favorable plea, the motion court reasoned that the claim was contradicted by defendant's steadfast protests as to his innocence. However, insistence on one's innocence is merely a factor weighing against defendant's credibility when considering his assertion that he would have accepted a plea bargain, and is not dispositive of the issue (*see Cullen v United States*, 194 F3d 401 [2d Cir 1999]).

Finally, in *Pham v United States* (317 F3d 178 [2003], *supra*) the court remarked that even though the defendant there had presented no objective evidence other than his self-serving statements that he would have accepted the plea offer that his attorney failed to convey, "a significant sentencing disparity in combination with defendant's statement of his intention is sufficient to support a prejudice finding" (*id.* at 182). Here, there was a significant disparity between the sentence offered and one which could have been offered had the true facts been pointed out: an indeterminate term of 16 years to life leaves the possibility that the defendant may be denied parole and remain in prison for his entire life, while a determinate term of seven years is substantially less, and even a determinate term of 15 years guarantees that the defendant will be released by the end of that term.

Under these circumstances, we remand for an evidentiary hearing to determine whether it is reasonably probable that a plea bargain acceptable to defendant would have been reached but for counsel's failure.

Accordingly, the order of the Supreme Court, New York County (Michael R. Ambrecht, J.), entered on or about February 7, 2003, which denied defendant's CPL 440.10 motion to vacate a judgment of the same court (George Daniels, J.), rendered September 11, 1997, convicting defendant, after a jury trial, of robbery in the first and second degrees and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, should be reversed, on the law, and defendant's motion granted to the extent of remanding the matter for an evidentiary hearing to determine whether it is reasonably probable that a plea bargain acceptable to defendant would have been reached but for counsel's failure. Appeal from the order of the same court (Michael R. Ambrecht, J.), entered on or about June 16, 2003, which denied defendant's motion to reargue his CPL 440.10 motion, should be dismissed, as no appeal lies from the denial of a motion to reargue.

FRIEDMAN, NARDELLI, GONZALEZ and CATTERSON, JJ., concur.

Order, Supreme Court, New York County, entered on or about February 7, 2003, reversed, on the law, and defendant's motion granted to the extent of remanding the matter for an evidentiary hearing to determine whether it is reasonably probable that a plea bargain acceptable to defendant would have been reached but for counsel's failure. Appeal from order, same court, entered on or about June 16, 2003, dismissed, as no appeal lies from the denial of a motion to reargue.