■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN COLEMAN, Appellant. [829 NYS2d 200]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered May 5, 2003, convicting him of robbery in the second degree, robbery in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

At trial, the defendant's counsel attempted to introduce allegedly exculpatory statements made by a codefendant to an individual the codefendant met while in jail. The defendant's contention that the trial court erred in prohibiting this testimony because it constituted a declaration against the codefendant's penal interest is unpreserved for appellate review as it was not raised before the trial court. In any event, this contention is without merit, because the statements were not against the codefendant's penal interest, as they did not inculpate the declarant (*see e.g. People v James,* 93 NY2d 620, 638 [1999]).

The trial court providently exercised its discretion in declining to give the jury a charge on the voluntariness of the defendant's written statements to the police (*see* CPL 710.70 [3]) because the defendant failed to raise an issue of fact as to whether those statements were voluntarily made (*see People v Mateo*, 2 NY3d 383, 416 n 20 [2004], *lv denied* 542 US 946 [2004]; *People v Johnson*, 303 AD2d 903, 907 [2003]).

Further, the trial court providently exercised its discretion in prohibiting the defendant's girlfriend from offering testimony regarding an alibi, since an alibi notice was not filed (*see* CPL 250.20 [1]; *see also People v Louisias*, 29 AD3d 1017, 1019 [2006], *lv denied* 7 NY3d 814 [2006]). Moreover, the defendant failed to establish that he was denied the effective assistance of counsel by his trial counsel's decision not to file the alibi notice, as the defendant has not shown that there were no strategic or other legitimate explanations for counsel's decision (*see People v Taylor*, 1 NY3d 174, 177-178 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]). The defendant's contention that the People should have provided the trial court with the grand jury minutes to establish that the People were on notice of an alibi is unpreserved for appellate review and, in any event, is without merit.

However, as the People correctly concede, the defendant's conviction of robbery in the third degree was an inclusory concurrent count of the conviction of robbery in the second degree. Thus, the conviction of robbery in the third degree must be vacated and that count of the indictment dismissed (*see* CPL 300.40 [3] [b]; *People v Miller*, 6 NY3d 295, 300 [2006]; *People v Whitehurst*, 7 AD3d 738, 739 [2004]; *People v Hackworth*, 6 AD3d 1064 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

To the extent that the defendant's claims of ineffective assistance of counsel, raised in his supplemental pro se brief, involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Daley*, 31 AD3d 661, 662 [2006], *lv denied* 7 NY3d 866 [2006]). Insofar as we are able to review the defendant's claims of ineffective assistance of counsel, the defendant was provided meaningful representation (*see People v Caban*, 5 NY3d 143 [2005]; *People v Benevento*, 91 NY2d 708 [1998]).

The defendant's remaining contention, raised in his supplemental pro se brief, that the trial court deprived him of the counsel of his choice, refers to a matter that is dehors the record and may not be reviewed on direct appeal (*see People v*

*Andrews,* 29 AD3d 599 [2006]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.