█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK T. THOMSON, Appellant. [847 NYS2d 682]—

Kane, J. Appeal, by permission, from an order of the Supreme Court (Teresi, J.), entered December 8, 2006 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of attempted murder in the first degree, attempted assault in the first degree (four counts) and reckless endangerment in the first degree, without a hearing.

Defendant was charged in a 13-count indictment stemming from an incident where he stole a delivery truck, led the police on a chase and drove the truck into a line of police cars. He originally pleaded guilty to attempted murder in the second degree and was sentenced to 12½ to 25 years in prison. On appeal, this Court vacated his plea (279 AD2d 644 [2001]). Following his rejection of a new offer to plead guilty to four counts of attempted assault in the first degree with an aggregate sentence of 8 to 16 years, defendant was convicted at a nonjury trial of the crimes of attempted murder in the first degree, attempted assault in the first degree (four counts) and reckless endangerment in the first degree. Defendant was sentenced to concurrent prison terms of 16 years to life for the conviction of attempted murder in the first degree, 5 to 10 years for each conviction of attempted assault in the first degree and 2 to 6 years for the conviction of reckless endangerment in the first

degree. This Court affirmed those convictions (13 AD3d 805 [2004], *lv denied* 4 NY3d 836 [2005]). Supreme Court denied defendant's subsequent CPL 440.10 motion to vacate the judgment, without a hearing. Defendant now appeals, claiming that he was denied the effective assistance of counsel.

We affirm. To establish an ineffective assistance claim under the US Constitution, a defendant is required to show a " '*reasonable probability*' that 'but for counsel's unprofessional errors, the result of the proceeding would have been different' " (*Mask v McGinnis*, 233 F3d 132, 140 [2000], *cert denied* 534 US 943 [2001], quoting *Boria v Keane*, 99 F3d 492, 496 [1996]; *see Pham v United States*, 317 F3d 178, 182 [2003]). Under New York law, courts must view a case in its entirety to determine whether the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]), and the defendant must show that he or she was prejudiced by counsel's errors (*see People v Williams*, 299 AD2d 580, 580 [2002], *lv denied* 99 NY2d 621 [2003]; *People v Frascatore*, 200 AD2d 860, 861 [1994]).

Here, defendant contends that he was prejudiced by counsel's failure to ascertain that a prior New Jersey conviction did not constitute a predicate felony, because both the People and defense counsel considered him a second felony offender during plea negotiations. By affidavit, counsel admitted that defendant asserted that he was not a predicate felon, counsel made only a cursory check to confirm this prior to plea negotiations and he only confirmed defendant's assertion after trial. Counsel's failure to verify defendant's criminal history prior to plea negotiations constituted inadequate legal assistance (*see People v Garcia*, 19 AD3d 17, 18 [2005]).

Acknowledging counsel's error, we must also determine whether there is a reasonable probability that, but for this error, the result would have been different (*see Mask v McGinnis*, 233 F3d at 140; *People v Williams*, 299 AD2d at 580). To establish such prejudice, defendant must show that the People would have offered a plea deal more favorable than their offer of an aggregate prison term of 8 to 16 years if they had been aware of his actual status and, if such a deal were offered, defendant would have pleaded guilty (*see People v Garcia*, 19 AD3d at 20-21). Defendant does not present any evidence that the People would have offered a more favorable plea had his true status been known, instead merely relying on the assumption that first-time violent offenders will always receive more favorable plea offers than predicate offenders. As there is no evidence that the People based their plea offer on the belief that defen-

dant was a predicate offender (*compare id.* at 21; *Mask v McGinnis,* 233 F3d at 141), we are unpersuaded that a change in his status would have led to a more favorable plea offer, especially considering the serious nature of the charges here. Significantly, in *Garcia* and *Mask,* the People were offering the lowest sentences available based upon the defendants' incorrect prior criminal records, and indicated a willingness to negotiate lower sentences if possible. Here, the People were offering midrange sentences on two counts of the indictment, with no record indication of a willingness to negotiate further within the permissible sentencing range.

Defendant also failed to present objective evidence that, if given the opportunity, he would have accepted a more favorable plea offer (*see United States v Gordon,* 156 F3d 376, 381 [1998]). Defendant relies solely upon his own self-serving affidavit in which he states that had a more favorable offer been extended, he "would have considered [it]." While there is no record evidence as to what sentence defendant would have been willing to accept, based on the charges he faced it is unlikely that there would have been a significant disparity between an offer made with knowledge that defendant was a first-time felon and the 8- to 16-year term that he was offered (*cf. Mask v McGinnis,* 233 F3d at 142). As defendant rejected an offer of 8 to 16 years in prison and was willing to go to trial facing a term with a maximum of life imprisonment, and he failed to provide a definitive statement as to what sentence he would have accepted, we are not convinced that defendant would have accepted a more favorable offer had it been made. Thus, we cannot find that counsel's misconception during plea negotiations caused defendant any prejudice.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed.