Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 5, 2011, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 12 years plus a period of five years of postrelease supervision on the conviction of robbery in the second degree and an indeterminate term of imprisonment of 3V2 to 7 years on the conviction of robbery in the third degree, to run concurrently.
Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by reducing the term of imprisonment imposed on the conviction of robbery in the second degree from a determinate term of imprisonment of 12 years to a determinate term of imprisonment of six years, and (2) by vacating the conviction of robbery in the third degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant claims that his constitutional due process rights were violated (see US Const Amend XIV; NY Const, art I, § 6) when the trial court denied defense counsel’s request to instruct the jury on the statutory definitions of the terms “deprive” and “appropriate” as they relate to the meaning of larcenous intent (Penal Law § 155.05 [1]; see People v Medina, 18 NY3d 98 [2011]). Contrary to the People’s contention, this claim is preserved for appellate review (see CPL 470.05; People v *764 Medina, 18 NY3d at 104; see also People v Gray, 86 NY2d 10, 19 [1995]). However, while the trial court erred in failing to give the requested instruction to the jury, the error was harmless, since the evidence of the defendant’s guilt of robbery in the second degree was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant’s conviction of that offense (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The defendant’s claim that the trial court violated his constitutional right to present a defense by precluding him from calling a particular witness at trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 890 [2006]). In any event, the court did not err in precluding the testimony of the defendant’s witness, as such testimony would have been irrelevant to the material issues at trial (see People v Mohamed, 104 AD3d 707 [2013]).
As the People correctly concede, the defendant’s conviction of robbery in the third degree was an inclusory concurrent count of the conviction of robbery in the second degree. Thus, the conviction of robbery in the third degree and the sentence imposed thereon must be vacated, and that count of the indictment dismissed (see CPL 300.40 [3] [b]; People v Miller, 6 NY3d 295, 300 [2006]; People v Coleman, 37 AD3d 489, 490 [2007]; People v Whitehurst, 7 AD3d 738, 739 [2004]; People v Hackworth, 6 AD3d 1064 [2004]).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80 [1982]).
Skelos, J.P, Dickerson, Leventhal and Miller, JJ., concur.