# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**886**

**KA 10-01366**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MAURICE COTTON, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

MAURICE COTTON, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 10, 2010. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]). In his main brief, defendant contends that the verdict is contrary to the weight of the evidence, primarily based upon his contention that the victim was not credible, and he also asks us to review the legal sufficiency of the evidence as part of our weight of the evidence review. In his pro se supplemental brief, defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to renew his motion for a trial order of dismissal after presenting evidence, and thus failed to preserve his sufficiency challenge for our review (*see People v Lane*, 7 NY3d 888, 889; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we conclude that it is legally sufficient to support the conviction of the crimes charged (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[R]esolution

of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]; *see People v Mulligan*, 118 AD3d 1372, 1375), and, based upon our independent review of the evidence and the credibility of the witnesses, we see no reason to disturb the jury's determination.

We agree with defendant's further contention in his pro se supplemental brief that he should not have been shackled when he testified before the grand jury, but we conclude that reversal based on that error is not warranted. "As the People correctly contend, the prosecutor's cautionary instructions to the grand jurors, which forbade them from drawing any negative inferences from the shackling, 'were sufficient to dispel any potential prejudice' to defendant" (*People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995; *see People v Gilmore*, 12 AD3d 1155, 1155). Insofar as defendant's pro se supplemental brief may be read to challenge the sufficiency of the evidence before the grand jury, we note that such challenge is not properly before us. "It is well established that '[t]he validity of an order denying any motion [to dismiss an indictment for legal insufficiency of the grand jury evidence] is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence' " (*People v Afrika*, 79 AD3d 1678, 1679, *lv denied* 17 NY3d 791, quoting CPL 210.30 [6]; *see People v Lane*, 106 AD3d 1478, 1481, *lv denied* 21 NY3d 1043). Similarly, "[b]ecause his convictions are supported by legally sufficient trial evidence, defendant's challenges to . . . the instructions given during [the grand jury] proceeding are precluded" (*People v Medeiros*, 116 AD3d 1096, ____ n 1).

Also in his pro se supplemental brief, defendant contends that Supreme Court committed reversible error in permitting two witnesses to bolster the victim's prior identification of defendant. That contention is not preserved for our review because, "[a]lthough a [hearsay objection] was raised against this testimony, defendant at no time objected to this testimony on the specific ground that it constituted improper bolstering" (*People v West*, 56 NY2d 662, 663; *see People v Comerford*, 70 AD3d 1305, 1306; *see also People v Jacque*, 2 AD3d 1362, *lv denied* 2 NY3d 741). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention in his pro se supplemental brief that he was denied effective assistance of counsel, inasmuch as he failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152; *see People v Coleman*, 37 AD3d 489, 490, *lv denied* 9 NY3d 864; *see generally People v Benevento*, 91 NY2d 708, 712).

The sentence is not unduly harsh or severe. Finally, we have considered the remaining contentions in defendant's pro se

supplemental brief and conclude that they are without merit.

Entered:  September 26, 2014                  Frances E. Cafarell
                                              Clerk of the Court