THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SASSI, JR., Appellant. [995 NYS2d 611]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered January 6, 2014, convicting him of falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence. By decision and order on motion dated January 15, 2014, this Court, inter alia, granted the defendant's motion to stay execution of the judgment pending the hearing and determination of the appeal.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of falsely reporting an incident in the third degree, in violation of Penal Law § 240.50 (2). The indictment alleged that he committed this offense by calling the 911 emergency telephone number and reporting that a burglary was in progress, when he knew that there was no burglary in progress.

The defendant testified at trial that he was a county law enforcement officer, and that he was present at the home of a person he had previously recruited as a confidential informant, when the informant and he heard someone else attempting to enter the home. As the defendant described it, the confidential informant asked the defendant to wait in her closet. Shortly thereafter, the confidential informant's former boyfriend, who apparently had been given a key to her home, entered through the front door of the home by opening the door with the key. According to the defendant, the confidential informant and her former boyfriend began arguing, the defendant thereupon left the confines of the closet, and the defendant recognized the former boyfriend as a person he had previously arrested on drug

and weapons charges. The defendant explained that the former boyfriend pushed him and swore at him and that, moments later, the defendant called local police on the cell phone provided to him by his own law enforcement agency, and reported that a burglary was in progress.

The defendant argues that his constitutional due process rights were violated (*see* US Const Amend XIV) when the trial court denied defense counsel's request to instruct the jury on the legal definition of "burglary" (Penal Law § 140.20). Contrary to the People's contention, this argument is preserved for appellate review (*see* CPL 470.05 [2]).

In charging a jury, a court must set forth "the material legal principles applicable to the particular case" (CPL 300.10 [2]; *see People v Samuels*, 99 NY2d 20, 25-26 [2002]). The court's charge must "convey[ ] the proper standard of law and . . . not confuse or mislead the jury" (*People v Arriaga*, 77 AD3d 846, 847 [2010] [internal quotation marks omitted]). In general, the test of a jury instruction is " 'whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied' " (*People v Samuels*, 99 NY2d at 25, quoting *People v Ladd*, 89 NY2d 893, 895 [1996]).

As relevant here, a person is guilty of falsely reporting an incident in the third degree where, "knowing the information reported, conveyed or circulated to be false or baseless, he or she . . . [g]ratuitously reports to a law enforcement officer or agency . . . the alleged occurrence of an offense or incident which did not in fact occur; or . . . false information relating to an actual offense or incident or to the alleged implication of some person therein" (Penal Law § 240.50 [3] [a], [c]). Here, the trial court's failure to provide the jury with the legal definition of burglary requires reversal and a new trial (*see People v Gaines*, 74 NY2d 358 [1989]; *cf. People v Harris*, 115 AD3d 763 [2014]). Contrary to the trial court's conclusion, the issue of whether a burglary, in fact, occurred and, if it did, whether the defendant provided false information relating to it, was a relevant issue in this case, because the element of the charged offense requiring that the defendant knew the reported information to be false or baseless could not be satisfied if a burglary did, in fact, occur or the defendant reasonably believed that a burglary had occurred. Furthermore, the issue of whether a burglary occurred, including the question of whether the person who entered the subject premises remained there unlawfully with intent to commit a crime while inside, could not be conclusively determined as a matter of law based on the evidence presented at trial. Rather, in light of the conflicting

testimony regarding the relevant events, this issue could only be resolved by a properly instructed jury. Without knowing the elements of burglary, the jury could not intelligently assess whether a burglary, in fact, occurred, and whether the defendant reported that there was a burglary in progress with the knowledge that this report was false or baseless (*see* Penal Law § 240.50; *see generally People v Medina*, 18 NY3d 98 [2011]; *People v Harris*, 115 AD3d 763 [2014]).

Although the defendant was entitled to have the jury instructed regarding the legal definition of burglary, it was not necessary that the trial court deliver, in their entirety, the proposed jury instructions that the defense counsel submitted. At the retrial, it will suffice for the court to ensure that the jury is fully instructed as to the legal definition of burglary, including the definition of the phrase "enters or remains unlawfully" (Penal Law § 140.20; *see e.g.* CJI2d[NY] Penal Law § 140.20; CJI2d [NY] Penal Law art 140, Unlawfully Entering or Remaining), which is a necessary element of burglary.

In light of our determination, we need not reach the defendant's remaining contention. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.