# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1381**
**KA 14-00079**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HERMAN BANK, DEFENDANT-APPELLANT.

---

ROBERT N. ISSEKS, MIDDLETOWN, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Douglas A. Randall, J.), entered December 17, 2013. The order denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL article 440 seeking to vacate the judgment convicting him of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]) and vehicular manslaughter in the second degree (§ 125.12 [1]), on the ground that he was denied effective assistance of counsel at trial. We conclude that County Court (Randall, J.) properly denied the motion after a hearing.

Defendant contends that he was denied effective assistance of counsel by defense counsel's misunderstanding of the law and incorrect advice to defendant regarding consecutive sentencing, and that defense counsel's errors deprived him of the opportunity to plead guilty in return for a lesser sentence. Defendant thus had the burden of establishing that "it [was] reasonably probable that a plea bargain acceptable to defendant would have been reached but for counsel's failure" (*People v Garcia*, 19 AD3d 17, 22). We conclude that defendant failed to meet that burden. The court properly concluded that, based on the circumstances of the crime and the strength of the People's case, the prosecutor would not have offered a plea bargain acceptable to defendant, and that County Court (Connell, J.) would not have agreed to such a plea bargain in any event. Although defendant established at the hearing that defense counsel incorrectly advised him during plea negotiations that he was facing consecutive sentences after conviction, defendant failed to establish that he was deprived

of the possibility of a plea bargain acceptable to him as the result of defense counsel's error (*cf. People v Perron*, 287 AD2d 808, 808-809, *lv denied* 97 NY2d 686).  "Thus, we cannot find that counsel's misconception during plea negotiations caused defendant any prejudice" (*People v Thompson*, 46 AD3d 939, 941, *lv denied* 9 NY3d 1039)

With respect to defendant's contention that defense counsel adopted an improper trial strategy because of defense counsel's misunderstanding regarding consecutive sentencing, there is no evidence that any other trial strategy was available and, thus, defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" in that respect (*People v Cotton*, 120 AD3d 1564, 1566 [internal quotation marks omitted]; *see People v Caban*, 5 NY3d 143, 152; *People v Coleman*, 37 AD3d 489, 490, *lv denied* 9 NY3d 864).

We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court